A. M. NORTON *vs.* JOHN COWELL.

*Contract of Hiring for a Year.*

An offer was made by letter to give employment to the person to whom the letter was addressed, upon terms which were fully stated; and the letter concluded, "and if you give me satisfaction at the end of the first year, I will increase your salary accordingly." The proposal contained in the letter was accepted. HELD:

That the letter, and its acceptance, by legal construction, constituted a contract of hiring for one year, and the party hired having been discharged without justifiable cause, before the expiration of the year, was entitled to recover the balance of the year's wages, he having been paid to the date of his discharge.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

*Exception.*—The plaintiff offered the following prayer:

If the jury find that the letter of the 20th of August, 1883, was by the defendant given to the plaintiff as the contract of employment of the plaintiff by the defendant, and was assented to by the plaintiff, then the contract was for one year; and if the jury find that the plaintiff entered into the employment mentioned in said letter, and so continued up to the 20th of November, 1883, and faithfully attended to his duties, and was discharged without reasonable cause by the defendant or his agent, Mitchell, then the plaintiff is entitled to recover.

The defendant offered the two following prayers:

1. If the jury believe from the evidence that the contract between the plaintiff and defendant was, that the plaintiff was employed by the defendant only so long as he gave satisfaction, the defendant had the right to discharge him at any time.

2. That the alleged letter of the 20th of August, 1883, from Norton to Cowell, even if the jury believe that it was assented to by Norton, was not a contract employing Cowell for any fixed time.

The Court (BROWN, C. J.,) granted the plaintiff's prayer and the defendant's first prayer, but rejected his second prayer. The defendant excepted. The jury gave a verdict for the plaintiff for $724.50, and judgment was entered therefor. The defendant appealed.

The cause was argued before ALVEY, C. J., YELLOTT, ROBINSON, and BRYAN, J.

*Robert Riddell Brown*, for the appellant.

*Richard Hamilton*, for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This action was brought to recover wages alleged to be due from the appellant to the appellee on a contract of hiring.

The appellant, residing at Rio De Janeiro, in South America, was owner of certain ships, trading to and from ports in the United States; and the appellee having been in the service of the appellant for eighteen months or more prior to the 20th of August, 1883, the latter addressed to the appellee the following letter, which was given in evidence as proof of the contract of hiring sued on:

"RIO DE JANEIRO, *20th August*, 1883.
CAPT. JOHN COWELL:

*Dear Sir:*—Your conduct during the last eighteen (18) months that you have been in my employ, has given me great satisfaction, and now as I put all my ships under my own flag, I appoint you superintendent of all my ships, both here and at any ports in U. S. America, and

Norton *vs.* Cowell.

you will please help all my captains to get quick dispatch, and also see that no damaged or bad cargo is shipped, as all the lumber cargo are shipped on my ac. You have my permission to take your family, or any of them, in any of my ships, whenever it may suit your convenience, from U. S. to Rio and back, and your wages will be ($100) one hundred dollars per month, with all hotel and other expenses, and 'if you give me satisfaction at the end of the first year, I will increase your salary accordingly.

> I am, dear sir, yours truly,
> A. M. NORTON, Ship-owner."

It is admitted that the appellee accepted the proposal contained in the letter, and continued in the service of the appellant for about three months thereafter, under the new terms of employment, when he was discharged from further service, without legal cause therefor, as contended by him, but was paid his wages down to the time of his discharge. And having been thus illegally discharged, as contended by the appellee, he brought this action to recover of the appellant the balance of the year's wages, upon the theory that the letter, and the acceptance of the terms thereof, constituted a contract of hiring for one year, at the rate of $100 per month, and expenses, and therefore the discharge of the appellee was not justified by the terms of the contract, it being conceded that he had furnished no justifiable cause of discharge.

As the case is presented on this appeal, the only question is, whether the letter in evidence, by legal construction, constituted a contract of yearly, or monthly, hiring, or a contract of hiring at will merely. The Court below held, and so instructed the jury, that the letter, and its acceptance, by legal construction, created a contract of hiring for one year; and in that construction this Court concurs.

Norton *vs.* Cowell.

As will be observed, there is no express limitation in the letter as to the term of service, though the wages were to be at the rate of $100 per month. But stipulations for the payment of wages quarterly, monthly, or even weekly, are not inconsistent with a yearly hiring. *Fawcett vs. Cash*, 5 *B. & Ad.*, 908. For, as said by Lord KENYON, C. J., in the case of *The King vs. Birdbrooke*, 4 *T. R.*, 245, "whether the wages be to be paid by the week or the year can make no alteration in the duration of the service, if the contract were for a year." Here the written agreement furnishes a clue to the real intention of the parties, when it says, "if you [the appellee] give me satisfaction *at the end of the first year*, I will increase your salary accordingly." Why at the end of the year, rather than at any other time, if the contract was monthly, or only at will, as contended by the appellant? This passage of the letter, taken in connection with the situation of the parties, and the nature of the service to be performed, would seem to leave no room for doubt as to what was really contemplated by the contract of employment. It would not be reasonable to suppose that it was intended that the appellee should have the right to terminate the contract at will, and thus to imperil the interests of his absent principal; and if such right was not designed to be possessed by the appellee, there is no principle that would justify the Court in holding that such right could be exercised by the appellant with impunity, as there is nothing in the contract, or the nature of the employment, to indicate such want of mutuality. Being of opinion that the contract was of a yearly hiring, we shall affirm the judgment of the Court below.

*Judgment affirmed.*

(Decided 28th May, 1886.)