## MODEL CLOTHING HOUSE *v.* HIRSCH.

[No. 6,216.   Filed October 6, 1908.]

1. TRIAL.—*Complaint.—Paragraphs.—Election as to.—Work and Labor.—Contracts.—Jury.*—In an action by a servant for wages, one paragraph of the complaint counting upon a special contract, and another upon the *quantum meruit*, it is not error for the trial court to refuse to compel the plaintiff, even after the evidence is introduced, to elect upon which paragraph he will stand, whether there was or was not a contract for such services being a question for the jury.   p. 272.

2. WORK AND LABOR.—*Contracts.—Instructions.—Quantum Meruit. —Evidence.*—Evidence showing that plaintiff worked for defendant during the time for which salary was claimed, that his services were reasonably worth a certain sum, and that he had not been paid therefor, is sufficient to authorize the trial court to instruct the jury on the theory of a recovery upon the *quantum meruit*.   p. 272.

3. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence.   pp. 272, 275.

4. TRIAL.—*Instructions.—Preponderance of Evidence.—Number of Witnesses.*—It is proper to instruct the jury that a preponderance of the evidence does not depend upon the number of witnesses.   p. 273.

5. EVIDENCE.—*Privileged.—Communications to Attorneys.*—A declaration made by a client to his attorney to be communicated to a third person is not privileged; and the attorney may be compelled to testify thereto.   p. 273.

6. SAME.—*Privileged.—Attorney and Client.*—To render an attorney incompetent to testify as to communications made to him, it must be proved that the relationship of attorney and client existed.   p. 273.

7. CORPORATIONS. — *Trading. — President. — Powers.* — Where it is shown that the president of a trading corporation had authority to employ persons necessary to the conduct of the business, it will be presumed that he had power to contract with a person at an agreed price for a stipulated length of time, and also to increase such servant's salary when necessary.   p. 273.

8. TRIAL. — *Verdict. — Quotient. — Impeachment of. — Affidavits.*— Where, on a motion for a new trial, an affidavit was filed by one of defendant's attorneys that the jury returned a quotient verdict, and the affidavits of four of the jurors were filed in contradiction thereof, the trial court's decision thereon will not be disturbed on appeal.   p. 274.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by David Hirsch against the Model Clothing House and others. From a judgment against the Model Clothing House, it appeals. *Affirmed.*

*Stinson Brothers* and *A. F. Knotts,* for appellant.

*John A. Gavit, V. S. Reiter* and *L. L. Bomberger,* for appellee.

WATSON, J.—Appellee brought this suit against the Model Clothing House, a corporation, Moses Rothschild and Adolph Hirsch for wages due and unpaid. The complaint was in two paragraphs. The first alleged an oral contract between plaintiff and defendants below, by which plaintiff was to receive $35 per week for his services from October 1, 1902, to October 10, 1905; that $2,365 was due him on said contract, but that said defendants refused and failed to pay said amount. The second paragraph alleged that $2,365 was due to plaintiff for services rendered during the period mentioned, being 157 weeks and 2 days, and that said services were reasonably worth $35 per week. The defendants separately demurred to the complaint for want of facts, but such demurrers were overruled. Defendants then filed an answer of general denial and of payment. A demurrer to the answer of payment was overruled.

The cause was tried before a jury which returned a verdict for plaintiff, and assessed damages in the sum, of $1,609.45, and judgment was rendered thereon for said sum. A motion for a new trial was sustained as to Moses Rothschild and Adolph Hirsch, but denied as to the Model Clothing House, whereupon an appeal was taken to this court by the last-named defendant.

The errors assigned and discussed are: (1) overruling a motion to compel appellee to elect upon which paragraph of the complaint he would depend for recovery; (2) giving upon the court's motion certain instructions; (3) overruling the motion for a new trial; (4) failure of the evidence

fairly to support the verdict and, (5) the weight of evidence was against the verdict.

Appellant insists that since appellee testified that there was a definite contract, and appellee's attorney made the remark: "Yes, sir; we say there was"—meaning a

1.  definite contract—the trial court erred in not requiring appellee to elect, after the evidence was in, upon which paragraph of the complaint he would depend for recovery. Whether there was a definite contract was purely a question of fact for the jury. It was entirely within the province of the jury to determine from all the evidence whether a right to recover had been established upon either paragraph. If there was no evidence to warrant a recovery upon the second paragraph the jury could so find, but appellee was entitled to have the evidence submitted for consideration. There was no error in submitting the evidence, with proper instructions, to the jury.

The objections to the instructions, except the fourth, given by the court of its own motion, were based upon the theory that there was no evidence upon which a verdict on

2.  the *quantum meruit* could be reached. There was testimony to show that appellee was in the employ of appellant during the time for which the arrears in salary were claimed, and had performed the services alleged; that such services were reasonably worth $30 per week; that he had been paid only $20 per week during such period; that the balance was due and remained unpaid; that said services had been performed at the request of appellant's agent for and in behalf of appellant company.

It is true that evidence was introduced to contradict that in favor of appellee; but, under the well-known rule that this court will not weigh conflicting oral evidence

3.  (*Schmoll* v. *Schenck* [1907], 40 Ind. App. 581, and cases cited), we cannot say that there was no evidence to support the averments of the second paragraph of the

complaint. Consequently there was no error in instructing the jury in the law pertaining to the second paragraph.

The objection to the fourth instruction is not tenable, for the reason that it is not improper to instruct the jury that preponderance of evidence does not depend upon the number of witnesses. *Howlett* v. *Dilts* (1892), 4 Ind. App. 23; *Fritzinger* v. *State, ex rel.* (1903), 31 Ind. App. 350.

Objection is also made to the testimony of John A. Gavit, one of appellee's attorneys. It is contended that his testimony consisted of a confidential conversation between himself, as attorney, and Rothschild, one of the defendants. Gavit's testimony was as to statements made to him by Rothschild which he (Gavit) was requested to communicate to appellee. Statements made even by a client to his attorney to be communicated to a third person are not confidential within the meaning of the statute. *Bruce* v. *Osgood* (1888), 113 Ind. 360.

In the case at bar it is not established that the relation of attorney and client ever existed between Gavit and Rothschild.

Appellant also urges that the president of the company was not authorized to make the contract alleged. It is not denied that the president had the power to employ such persons as were necessary to conduct the regular business of the company. As between the employe and the corporation such an employment was within the scope of the president's authority. *Ceeder* v. *H. M. Loud & Sons Lumber Co.* (1891), 86 Mich. 541, 49 N. W. 575, 24 Am. St. 134; *Wait* v. *Nashua Armory Assn.* (1891), 66 N. H. 581, 23 Atl. 77, 14 L. R. A. 356, 49 Am. St. 630; *Oakes* v. *Cattaraugus Water Co.* (1894), 143 N. Y. 430, 38 N. E. 461, 26 L. R. A. 544; *Equitable Endowment Assn.* v. *Fisher* (1889), 71 Md. 430, 18 Atl. 808; *Northern Cent. R.*

Co. v. Bastian (1859), 15 Md. 494; Richmond, etc., R. Co. v. Snead (1869), 19 Gratt. (Va.) 354, 100 Am. Dec. 670; Arapahoe Cattle, etc., Co. v. Stevens (1889), 13 Colo. 534, 22 Pac. 823; Lee v. Pittsburg Coal, etc., Co. (1877), 56 How. Pr. 373; 1 Morawetz, Priv. Corp. (2d ed.), §538.

There is no intimation of fraud or collusion in the contract alleged. Neither is it shown that the contract was unreasonable or unconscionable. The only ground for objection therefore depends upon the president's authority to bind the corporation. If the president had the power to hire employes to conduct the firm's business—which power is not questioned—it was within the scope of his power to increase the salary of such employes in order to retain them in the firm's employ.

A further reason assigned for new trial is that the verdict was a chance or quotient verdict. Rothschild made affidavit to the effect that the verdict was reached by each juror's stating the amount of damages which he deemed appellee entitled to have, then taking the sum of all such amounts and dividing by twelve, the quotient being the assessed damages. This affidavit was controverted by the affidavits of four members of the jury denying that the damages were assessed in the manner alleged, but that they were determined by allowing plaintiff $30 per week for 157½ weeks, and crediting defendants with $20 per week paid thereon; that interest was calculated on the amount so ascertained; and that the amount due, with interest, aggregated the sum assessed as damages. The bailiff of the court also made an affidavit to the effect that after the jury retired said Rothschild went to the door of the jury room for the purpose of trying to overhear what was said by the jurors; that affiant immediately followed him and requested him to depart therefrom, which he did; that Rothschild was not then in position to hear what was said in the jury room, and that he did not go near said room thereafter.

In view of all the affidavits submitted, it cannot be 3. said as a matter of law that the trial court erred in refusing to grant a new trial for such reason.

A careful investigation of all the evidence convinces us that there was evidence to support the verdict, and we find no reversible error on the part of the court below.

The judgment is therefore affirmed.