OTTO A. GRESSING, Appellant, *v.* MUSICAL INSTRUMENT SALES COMPANY, Respondent.

Master and servant — contract of employment — letter from defendant to plaintiff examined and construed and held that it engaged plaintiff for the term of one year — erroneous reversal of judgment for plaintiff by Appellate Division — when such reversal is upon the facts the judgment of the trial court cannot be reinstated by this court; a new trial must be ordered.

1. The intention, as evidenced by the writing, governs the interpretation of employment contracts, and where it is apparent from what the parties have said that an employment is to be for a year, the courts will give it that effect.

2. Defendant wrote a letter setting out the terms of a proposed contract which was accepted by plaintiff, who entered upon its performance. He was thereafter discharged by defendant and this action is brought to recover for breach of the contract. The agreement was that defendant would pay plaintiff a certain percentage on sales made by him and also a " salary of $3,000 per annum and guaranteeing you a net income of not less than $4,000 per annum." The letter continued, " I feel that this is a much better agreement, both for yourself and ourselves, as it is one that can continue indefinitely and will follow you in each succeeding year, without being necessary for you to ask for a new agreement, as of course, it will work automatically." *Held,* that the trial court was right in charging the jury, as matter of law, that the letter constituted an engagement for a year.

, 3. The plaintiff claims that the discharge was without reasonable cause and the defendant insists that it was justified by plaintiff's improper conduct. The Appellate Division, by its order, reversed the judgment of the trial court for plaintiff and dismissed the complaint, and further reversed the finding of the jury that there was a breach of the contract on the part of the defendant. The question of fact submitted to the jury was whether or not the plaintiff had been wrongfully discharged. The trial court had charged the jury as matter of law that the contract of employment was for a year, so there was no question of fact as to the nature and extent of the contract. Although the Appellate Division was in error in holding this employment as one at will and in dismissing the complaint, the judgment of the trial court cannot be reinstated as the Appellate Division had power to reverse the judgment upon this question of fact. Therefore, a new trial must be granted.

*Gressing* v. *Musical Instrument Sales Co.*, 169 App. Div. 38, reversed.

(Argued December 2, 1917; decided January 8, 1918.)

APPEAL from a judgment, entered August 2, 1915, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John J. O'Connell* for appellant. The Appellate Division erred in holding that there was not a hiring of the plaintiff for at least one year. (*Marshall* v. *Sackett*, 166 App. Div. 141; *Moran* v. *Standard Oil Co.*, 211 N. Y. 187; *Cuppy* v. *Stolwerck*, 216 N. Y. 591.)

*Bruce Ellison* for respondent. The hiring of the plaintiff was a hiring at will. (*Martin* v. *N. Y. L. Ins. Co.*, 148 N. Y. 117; *Watson* v. *Gugino*, 204 N. Y. 535; *Cuppy* v. *Stollwerck*, 158 App. Div. 628; *Feiber* v. *H. S. Mills*, 143 N. Y. Supp. 1014; *Frankel* v. *C. R. R. Co.*, 114; N. Y. Supp. 137.)

CRANE, J. On the twenty-eighth of December, 1912, the plaintiff was discharged from the defendant's employ.

This action was brought for a breach of the contract of hiring, and the question arising is whether the plaintiff could be discharged at will or had been engaged for the period of one year.

The contract is evidenced by a letter from the defendant to the plaintiff of which the following is a copy:

                    " 635 WEST 49TH STREET,
                              " NEW YORK.
                    " Friday, July 19th, 1912."
" Mr. OTTO GRESSING,
        ' " 182 Lyon Street,
                " Milwaukee, Wis.:

" My dear MR. GRESSING.— On the train coming to New York last night, I reviewed the proposition that I made to you, and I fear that I did not make the same very plain.

" On account of the different guarantees that we have made to the different stores, with whom we will do business, I am going to change my proposition to you slightly as follows:

" In McCreery's 23rd Street Store, we have agreed to do $50,000 worth of Talking Machine Business, McCreery's 34th Street Store, $100,000 worth of Talking Machine Business. O'Neil-Adams, we have agreed to do $150,000 worth of Talking Machine Business; in other words, guaranteeing $300,000 worth of Talking Machine Business in the three establishments.

" We will agree to pay you one-half of one per cent on sales up to the guarantee in each respective store, taking for example McCreery's 23rd Street Store, we will pay you one-half of one per cent on sales up to $50,000, and on sales above this amount, we will pay you one per cent commission. In McCreery's 34th Street Store, we will pay one-half of one per cent commission on sales up to $100,000 and one per cent commission on sales

above this amount. In O'Neil-Adams, one-half of one per cent on Talking Machine Sales up to $150,000, and one per cent on sales above this amount, paying you also a salary of $3,000 per annum, and guaranteeing you a net income of not less than $4,000 per annum. I feel that this is a much better agreement, both for yourself and ourselves, as it is one that can continue indefinitely and will follow you in each succeeding year, without being necessary for you to ask for a new agreement, as of course, it will work automatically. Kindly write me at the earliest possible moment if this new proposition is acceptable to you.

" I expect to visit Camden on Tuesday of next week, and by Wednesday I should have a reply from you. I can then write you definitely in regard to the proposed situation.

" With kindest regards and best wishes,

" Very truly yours,

" MUSICAL INSTRUMENT SALES COMPANY,

" (Sgd.) C. ALFRED WAGNER,

" *President.*"

The trial court ruled that this letter and the acceptance of its terms by the plaintiff constituted a hiring for a year. The Appellate Division considered it a hiring at will, and has reversed the judgment entered upon the verdict of a jury for the plaintiff, and has dismissed the complaint. We agree that if the contract were merely to pay the plaintiff a salary of $3,000 a year and nothing more, it would not constitute an agreement for a year. There are other things in the letter, however, which indicate an intention to make this a yearly hiring.

Like other contracts, the intention, as evidenced by the writing, governs the interpretation of employment contracts, and where it is apparent from what the parties have said that the employment is to be for a year, the courts will give it that effect. (18 Ruling Case Law,

508; *Weidman* v. *United Cigar Stores Co.*, 223 Penn. St. 160; *Magarahan* v. *Wright*, 83 Ga. 773; *Lipp Co.* v. *Fennell*, 31 Ohio C. C. 567; *Norton* v. *Cowell*, 65 Md. 359; Ann. Cas. 1913 D, 219; 8 Ann. Cas. 282.)

In the *Weidman* v. *United Cigar Stores Company* case it was said: " In a contract of hiring, where no definite period is expressed, in the absence of facts and circumstances showing a different intention, the law will presume a hiring at will. The fact that the hiring is at so much per week or month or year will raise no presumption that the hiring was for such period. Where, however, a contrary intention can be fairly derived from the contract itself, the law will allow such intention to prevail; and where the contract is in writing, the court, in construing the instrument, will take into view the situation of the parties, and the objects they had in view."

Thus the defendant wrote the plaintiff: " In McCreery's 23rd Street Store, we have agreed to do $50,000 worth of Talking Machine Business, McCreery's 34th Street Store, $100,000 worth of Talking Machine Business. O'Neil-Adams, we have agreed to do $150,000 worth of Talking Machine Business; in other words, guaranteeing $300,000 worth of Talking Machine Business in the three establishments." The plaintiff testified without contradiction that this meant $300,000 worth of business annually.

The defendant was to sell talking machines in these named dry goods department stores, giving to the dry goods houses a commission on all sales. The cost of maintenance and all expenses were to be borne by the defendant but collection made through the respective department stores. Sales departments were fitted up according to the plans of the defendant's architects and suggestions of the plaintiff. The plaintiff was given full charge of these three departments and a free hand to conduct all the business therein. In order to procure

these places and opportunities for selling talking machines, the defendant had guaranteed to the named stores $300,000 worth of business, upon which they would get commissions. The letter to the plaintiff agrees to pay him one-half of one per cent on the sales up to the guaranty, and one per cent on all sales above that amount " paying you also a salary of $3,000 per annum, and guaranteeing you a net income of not less than $4,000 per annum."

Thus the defendant says to the plaintiff, we have guaranteed to sell, through three stores, $300,000 worth of talking machines in a year, and we want you to take full charge of that end of our business. For your services we will pay you one-half of one per cent up to the amount of the guaranty and one per cent over that, agreeing that these commissions which you are thus to earn, plus the salary which we are to pay you, will be not less than $4,000 for the year. All these negotiations were for the year, by the year, and in reference to a yearly guaranty. Promising that the commissions plus the salary would equal or exceed $4,000, carried by implication the agreement to give the plaintiff a year within which to earn them. This is again emphasized by these further words of the letter: " It (the agreement) is one that can continue indefinitely and will follow you in each succeeding year, without being necessary for you to ask for a new agreement, as of course, it will work automatically." Ask when? " Each succeeding year." No such language would have been used by the defendant if the plaintiff were to be employed at will. He was employed for a year on a salary and percentage basis, figured on the defendant's yearly guaranty, and was promised that the two would at least equal $4,000 a year, and that it would be unnecessary to ask for a new agreement at the end of each succeeding year as the agreement was one which could continue automatically.

We, therefore, conclude that the trial court was right in charging the jury, as matter of law, that the letter of July 19th, 1912, constituted an engagement for a year.

There is no question as to the discharge. It is conceded by all parties that the plaintiff was discharged December 28th, 1912, the plaintiff claiming that it was without reasonable cause, and the defendant insisting that the discharge was justified because of the plaintiff's improper conduct and behavior.

To discharge without cause would be a breach of contract, but to discharge for cause would not be. In finding for the plaintiff, the jury found that he had been wrongfully discharged and that in this particular there had been a breach of the contract. The Appellate Division, by its order, reversed the judgment of the trial court and dismissed the complaint, and further reversed the finding of the jury that there was a breach of the contract on the part of the defendant. The question of fact submitted to the jury was whether or not the plaintiff had been wrongfully discharged. The trial court had charged the jury as matter of law that the contract of employment was for a year so there was no question of fact as to the nature and extent of the contract. Although we consider the Appellate Division in error in holding this employment as one at will and in dismissing the complaint, yet we cannot reinstate the judgment of the trial court as the Appellate Division had power to reverse the judgment upon this question of fact. It apparently reversed upon the law and the facts. Therefore, we must grant a new trial.

The judgment appealed from should be reversed and new trial granted, costs to abide the event.

CHASE, COLLIN, CUDDEBACK, CARDOZO, POUND and ANDREWS, JJ., concur.

Judgment reversed, etc.