JOHN JONES, RESPONDENT, v. MANHATTAN HORSE
MANURE COMPANY, APPELLANT.

Submitted March 21, 1918—Decided June 5, 1918.

1. A stipulation in a written contract for a specified amount of salary per year, payable semi-monthly, is not inconsistent with a yearly hiring, and the contract will be deemed to be a hiring for a year when, from a consideration of all of its terms, such appears to have been the intention of the parties.

2. By written contract dated April 18th, 1917, it was agreed that the plaintiff should superintend and build up the defendant's business; that he was to be paid "$1,500 per year, payable semi-monthly;" that in addition thereto he was to receive "$125 at Christmas, 1917, and $125 at Easter, 1918, providing he gets the business well organized and running as we (defendant) expect he will." *Held*, to be a hiring for a year.

---

On appeal from the First District Court of Jersey City.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the appellant, *Weller & Lichtenstein.*

For the respondent, *Robert N. Shoemaker.*

The opinion of the court was delivered by

TRENCHARD, J.   This action was brought by Jones to recover damages for the breach of the following written contract of hiring:

"April 18th, 1917.

"It is mutually agreed by and between John Jones, of 205 New Jersey Railroad avenue, Newark, N. J., and the Manhattan Horse Manure Company of New Jersey, that John Jones will give his services to the building up of the business, operation of same, looking after the men and horses, superintending the business for the best interest of the company, and obeying all lawful directions of the officers of the company. John Jones proposes to reside in Newark, N. J., so as to devote the necessary time to the running of the business.

"For the performance of the above services by John Jones, the Manhattan Horse Manure Company agrees to pay said John Jones the sum of fifteen hundred dollars per year, payable semi-monthly.

"It is further understood and agreed that John Jones is also to receive the sum of one hundred and twenty-five dollars at Christmas, 1917, and one hundred and twenty-five dollars at Easter, 1918, providing he gets the business well organized and running as we expect he will.

"MANHATTAN HORSE MANURE CO.,

"By JAMES C. MILLIGAN, *Prest.*

"JOHN JONES."

At the trial it appeared that the plaintiff served the defendant until August 4th, 1917, when he was discharged, as he contends, without legal cause.

As the case is presented on this appeal the only question is whether the contract in evidence, by legal construction, con-

stituted a contract of yearly hiring, or a contract of hiring at will merely.

The trial judge held it to be a contract of hiring for one year, and in that construction we concur.

As will be observed there is no express limitation of the term of service, though the plaintiff was to be paid $1,500 per year, payable semi-monthly. But a stipulation in a written contract for a specified amount of salary per year, payable semi-monthly, is not inconsistent with a yearly hiring, and the contract will be deemed to be a hiring for a year when, from a consideration of all its terms, such appears to have been the intention of the parties. *Beach* v. *Mullin,* 34 *N. J. L.* 343; *Stanford* v. *Fisher Varnish Co.,* 43 *Id.* 151; *Larkin* v. *Hecksher,* 51 *Id.* 133; *Passino* v. *Brady Brass Co.,* 83 *Id.* 419. Here the written agreement furnishes a clew to the real intention of the parties when it says that, in addition to the salary of $1,500 per year, payable semi-monthly, the plaintiff should "receive $125 at Christmas, 1917, and $125 at Easter, 1918, providing he gets the business well organized and running as we expect he will." Why this extra allowance well on towards the end of the year if the contract was only at will as the defendant contends? This passage of the contract, viewed in the light of the provision for "$1,500 per year," and taken in connection with the situation of the parties, and the nature of the services to be performed, would seem to leave no room for doubt as to what was really contemplated by the contract of employment. It would not be reasonable to suppose that it was intended that the defendant should have the right to terminate the contract at will and thus deprive the plaintiff of the additional compensation at Christmas and Easter, if he succeeded in his undertaking.

The judgment below will be affirmed, with costs.