[No. 32929. Department Two. April 1, 1955.]

B. J. LASSER, *Appellant,* v. GRUNBAUM BROS. FURNITURE COMPANY *et al., Respondents.*[1]

[1]Reported in 281 P. (2d) 832.

*J. Kalina* and *Michael S. Curtis,* for appellant.

*Monheimer, Schermer & Mifflin,* for respondents.

HILL, J.—This is an action for damages for breach of an alleged contract of employment. Quoting an instruction given by the trial court, " . . . the sole issue in this case is whether or not there was a contract of employment for a year certain between plaintiff and defendant corporations. . . . "

Plaintiff testified to an oral contract of employment as manager of a furniture store, entered into about the middle of February, 1952. The offer made by an officer of the defendant corporations, as testified to by the plaintiff, was:

". . . I'll pay you $18,000 a year, and I'll pay it in this manner: $15,000 a year to be divided in $1,250 monthly payments, which would be $15,000. At the end of the year you will receive $3,000."

The plaintiff accepted this offer and went to work immediately. Plaintiff further testifies that there was no discussion as to what would happen if he or the employer became dissatisfied.

There was nothing to contradict the plaintiff's testimony as to the terms of his employment, as the officer who had represented the defendant corporations in the transaction died prior to the trial.

It is conceded that the plaintiff commenced work about the middle of February, and that he was discharged about the middle of June, and that he was paid for five months, February through June, both inclusive, at the rate of twelve hundred fifty dollars a month, or sixty-two hundred fifty dollars.

The defendants offered no evidence bearing upon their alleged defenses of discharge for cause and failure to mitigate damages, so that if there was anything to go to the jury, it was as the instruction quoted at the beginning of this opinion stated, was there a contract of employment for one year. If there was such a contract, it had been breached and the damages were eleven thousand seven hundred fifty dollars; if there was not such a contract, it was an employment terminable at will.

The jury returned a verdict for the defendant corporations, and the plaintiff appeals.

The respondents have urged at all times in the superior court and in this court that the appellant did not present sufficient evidence to take his case to the jury, and we must first examine that contention.

■ Both parties are agreed that a general or indefinite hiring is at will, and that either party may, at any time, terminate such a contract of employment.

■ There is a conflict of authority as to the effects of a provision for periodic compensation to an employee, where the contract provides that the employee shall be paid so much per week, month, or year, *with nothing else to fix the time for which the employee is hired.* Some cases hold that, under such circumstances, there is a contract for the period indicated; other cases treat the unit of time referred

to merely as a means of measuring the compensation to be paid, and not the duration of the employment, and, in the absence of other circumstances or relevant facts, hold an agreement to pay so much a week, month, or year, to be an indefinite hiring, terminable at the will of either party. *Savage v. Spur Distributing Co.* (1949), 33 Tenn. App. 27, 228 S. W. (2d) 122. See annotations, 11 A.L.R. 469, 100 A.L.R. 834, 161 A.L.R. 717, 35 Am. Jur. 458, 459, Master and Servant, § 20. The latter cases represent the majority rule in the United States, and the rule which this court had adopted. See *Davidson v. Mackall-Paine Veneer Co.* (1928), 149 Wash. 685, 271 Pac. 878. In that case, the circumstance relied on by the employee to establish a hiring for a year was a custom in the industry to employ superintendents on a yearly basis, which custom we held was not established by the evidence. See, also, *Rohda v. Boen* (1954), 45 Wn. (2d) 553, 276 P. (2d) 586.

What circumstances or, as Restatement, Agency, 1030, § 442, Comment b., says, "relevant facts" can be considered in determining that an employment was for a fixed period, and what weight shall be given to them, cannot be determined by any hard and fast rule. 161 A.L.R. 713. The Restatement, in the comment referred to, gives a number of illustrations of relevant facts that might be considered in determining that an employment was for a fixed period. Only one of them seems to have any applicability to the present case, *viz.*, "or if the agency is an important one and of a kind such that a temporary appointment would not be likely to be made. . . ." This, however, would seem to be as consistent with a month-to-month as with a yearly term of employment. The relevant fact most strongly relied upon by the appellant to establish that he was employed by the year is that three thousand dollars of the eighteen thousand dollars he was to receive was to be paid at the end of the year. A jury might well infer from such an arrangement that the purpose was to induce the employee to remain for the entire year, and to infer, further, that the parties intended the employment to be for that period. See *Jones v. Manhattan Horse Manure Co.* (1918), 91 N. J. L. 406,

103 Atl. 984; *Gressing v. Musical Instrument Sales Co.* (1918), 222 N. Y. 215, 118 N. E. 627; *Jones v. Pittsburgh Mercantile Co.* (1928), 295 Pa. 219, 145 Atl. 80; *D. Buchanan & Son v. Ewell* (1927), 148 Va. 762, 139 S. E. 483.

■ We conclude that this circumstance was sufficient to take the present case to the jury on the issue of whether there was a contract of employment for a year.

The jury, however, found that there was no contract of employment for a year, and its verdict is conclusive, unless there be merit in one or more of appellant's assignments of error. Certainly, there was no merit in appellant's contention that he was entitled to a judgment n. o. v.

We are satisfied that there was prejudicial error in the giving of two instructions. Instruction No. 8 read:

"If you *find from the evidence that the agreement between the parties was to employ Mr. Lasser for a period of more than one (1) year,* then you shall find for the defendants." (Italics ours.)

This presented the issue of the statute of frauds, inasmuch as it was conceded that the contract of employment was oral. The provision of that statute which the court had in mind in giving this instruction was RCW 19.36.010 [*cf.* Rem. Rev. Stat., § 5825] which reads as follows:

"In the following cases any agreement, contract, and and promise shall be void, unless such agreement, contract, or promise, or some note or memorandum thereof, is in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized:

"(1) Every agreement that by its terms is not to be performed in one year from the making thereof; . . ."

The only evidence to which the instruction could have referred was the following testimony of the appellant on cross-examination:

"Q. (By Mr. Schermer) Mr. Lasser, what was your understanding of the duration of your contract or agreement of employment with Grunbaum's made with Mr. Schoenfeld as its officer? A. Well, I understood I was to be employed for several years. I wasn't taking a position for one day or a week or a month, I was taking a steady position. Q. In other words, you thought you were employed for several years? A. That's right."

■■    Whether this was, as his counsel urged, merely the appellant's way of expressing his expectation that he would continue in this particular employment for a number of years, or whether it was actually his subjective interpretation of the specific contract, it falls far short of *establishing any agreement between the parties to employ the appellant for more than a year.* There was no evidence by which the jury could have found that such an agreement existed, irrespective of what the appellant may have understood or believed; and, there being no evidence to justify the instruction, it was prejudicial error to give it.

We are aware that the appellant's exceptions to this instruction were not on the ground which we have just stated made the instruction patently erroneous. The instruction was excepted to on the ground that, since the respondents did not plead the statute of frauds, they were not entitled to such an instruction. Whether the rule should be as urged in the annotation in 15 A.L.R. (2d), beginning at p. 1332, that the raising of the issue of the statute of frauds at any time in the trial court is timely, we do not need to determine. If we assume that the issue of the statute of frauds is in this case, it must be remembered that it came in on the appellant's own testimony on cross-examination. The case went to the jury solely on the appellant's evidence, and, if the issue was in the case, it seems to us that, under such circumstances, the respondents were entitled to such an instruction, even though they did not plead the statute of frauds, and hence the exception taken was not sufficient. We have, however, pointed out that the issue of the statute of frauds was not in the case; and one of the attorneys for the appellant had already forcefully brought to the attention of the trial court the fact that the appellant's testimony on cross-examination, which we have quoted, did not establish an agreement of any kind. We quote Mr. Kalina's statement:

"This man worked for twelve years in one place and he certainly expects it to be for the future, but the contract is for one year and one year only and nothing else can be put into it, implanted something, attached something to it

which was not in existence. *And the mere fact that he might have had it in mind is not anything for anybody else. He might have had a lot of things in his mind not binding upon Schoenfeld or Grunbaum Furniture or anyone else."* (Italics ours.)

We are also aware of our oft-stated rule that we will not consider an assignment of error directed to an instruction unless within the scope of the appellant's exception to the instruction in the trial court. Rule of Pleading, Practice and Procedure 10, 34A Wn. (2d) 75; *Peterson v. King County* (1954), 45 Wn. (2d) 860, 278 P. (2d) 774, and cases there cited.

The reason for this rule generally given is that the trial court should have the benefit of the study and research of counsel and that the trial court should be advised of the contentions of the respective parties as to the law or the facts, at a time when the court can, if it so desires, correct any error which it may feel has been made in the instructions. *Rank v. Alaska Steamship Co.* (1954), 45 Wn. (2d) 337, 274 P. (2d) 583; *Shields v. Paarmann* (1952), 41 Wn. (2d) 423, 425, 249 P. (2d) 377; *State v. Severns* (1942), 13 Wn. (2d) 542, 125 P. (2d) 659.

Whether the reason for the rule applied in this case might be debatable, because a verdict had been reached by the jury before the exceptions to the instructions were taken.

However, another prejudicially erroneous instruction, to which proper exceptions were taken, and which necessitates a new trial, saves us from the necessity of determining whether there is anything in the unusual circumstances of this case, and the time at which the instructions were taken, which would justify us in granting a new trial because of an instruction for which there was clearly no factual basis, even though no proper exception had been taken thereto. The other prejudicially erroneous instruction to which we refer was No. 5, which defines a contract and concludes with this sentence:

". . . There must be a meeting of the minds upon the terms of the contract, and in this case, if *it was not clearly understood by each of the parties that the employment of*

*the plaintiff was for the duration of one year,* you are to find for the defendants." (Italics ours.)

■ This would make it possible for the subjective understanding of a contract by a party to prevail over objective manifestations of an assent. From the testimony of the appellant on cross-examination already quoted, the jury might conclude that the appellant understood the contract to be for more than one year, and that such an understanding by the appellant, coupled with instruction No. 8, already referred to, which told the jury that if the contract was for more than one year, it was void, would almost amount to a directed verdict. This was clearly a prejudicial misdirection.

The appellant complains also of instruction No. 6. Appellant's only exception to this instruction was that, in describing the contract of employment, the court said that it was admitted that the appellant was employed at a salary of fifteen thousand dollars a year with a three thousand dollar bonus at the end of the year, whereas the contract, as testified to, is for eighteen thousand dollars a year, payable fifteen thousand dollars in monthly installments of twelve hundred fifty dollars each, and a final payment of three thousand dollars at the end of the year. Appellant is correct as to the terms of the contract; however, the court correctly stated the terms of the contract in instruction No. 12.

While there may be a distinction between the final payment of an eighteen thousand dollar salary in a lump sum of three thousand dollars at the end of the year, and a bonus of three thousand dollars payable at the end of the year, it was, if there be such, not pinpointed in any argument to the court, in the instructions, or in the briefs, and we see no prejudicial error in the factual misstatement. Appellant, in his brief, but not in his exceptions, challenges the statement of the law contained in this instruction. Suffice it to say that the instruction is not to be commended, and in the event of a retrial, a much clearer statement of the applicable law, which the instruction was intended to state, will be found in the first three sentences of Comment b. to § 442, Restatement, Agency.

Appellant's other assignments of error directed to the instructions are without merit. While we have criticized three instructions and found prejudicial error in two of them, in justice to the trial judge it should be made clear that both of those instructions were requested by the respondents. The appellant's instructions dealt primarily with defenses as to which there was no testimony and were, hence, of little assistance to the court. Indeed, at the conclusion of the trial, the appellant stated that all his requested instructions were withdrawn and that the respondents' instructions covered the contract adequately, which may have induced the trial court to place too much confidence in their accuracy. The appellant asserts that he thereafter resubmitted his instructions, and, although there is no mention of it in the statement of facts, they do appear in the record, and some of his requested instructions were given by the court.

One other assignment of error should be discussed because the same situation may arise in the event of a retrial. Appellant urges that in his case in chief he should have been allowed to testify concerning the improvements and achievements attributable to his management of the furniture store. That was not necessary to establish his cause of action, and was not an issue, unless the respondents should in their defense present evidence of incompetence and mismanagement. The trial court did not err in refusing to admit the proffered testimony at the time it was offered, and the competency of the appellant did not become an issue.

The judgment of dismissal is reversed, and the cause is remanded for a new trial.

HAMLEY, C. J., MALLERY, WEAVER, and ROSELLINI, JJ., concur.