The ESTATE OF Emil J. VOELKER, Deceased.

Wilhelm K. VOELKER, Administrator, Appellant (Defendant Below),

v.

The ESTATE OF Emil J. VOELKER, Deceased,

Blondell Tucker, Appellee (Claimant Below).

No. 1–679A161.

Court of Appeals of Indiana, First District.

Nov. 1, 1979.

Donald F. Foley, Yaeger, Foley, McLin & Cutter, Indianapolis, for appellant.

W. Rudolph Steckler, Quill, Steckler & Boberschmidt, Indianapolis, for appellee.

ROBERTSON, Judge.

Appellee Blondell Tucker (Tucker) filed three claims against the appellant, Estate of Emil J. Voelker (Voelker). Two of the claims seek specific performance of an alleged promise of Voelker to convey to Tucker, either by gift or devise, certain real and personal property. Voelker died intestate and Tucker is not related to, nor was married to, Voelker.

In preparing for trial Tucker sought discovery of, among other things, copies of any and all unsigned wills of Voelker which were in the possession of his attorney. The trial court ordered production of these papers with this interlocutory appeal resulting.

■. The essence of the issue presented is whether the papers sought to be discovered are protected by the attorney-client privilege. For the reasons set forth we are of the opinion that they are.

■ Privileged matters are exempt from discovery. Ind. Rules of Procedure, Trial Rule 26(B); *Colman v. Heidenreich,* (1978) Ind., 381 N.E.2d 866. The *Colman* case capsuled the attorney-client privilege as follows:

In sum, the rule is "that when an attorney is consulted on business within the scope of his profession, the communications on the subject between him and his client should be treated as strictly confidential." *Jenkinson v. State,* (1840) 5

Blackf. 465, 466. *See also Thomas v. State,* (1969) 251 Ind. 546, 242 N.E.2d 919; *Fluty v. State,* (1946) 224 Ind. 652, 71 N.E.2d 565. *See generally* C. McCormick, Evidence §§ 87–95 (2d ed. 1972); VIII J. Wigmore, Evidence §§ 2290–2329 (McNaughton rev. 1961). As long as the communication is within this scope, it is of no moment to the privilege's application that there is no pendency or expectation of litigation. *Bigler v. Reyher,* (1873) 43 Ind. 112. * * * Rather, what is essential to the privilege is a "confidential relation of client and attorney." *See Harless v. Petty,* (1884) 98 Ind. 53, 57; *Model Clothing House v. Hirsch,* (1908) 42 Ind.App. 270, 85 N.E. 719. Within such a confidential relation, the privilege applies to all communications made to an attorney for the purpose of professional advice or aid, upon the subject of the client's rights or liabilities. *Borum v. Fouts,* (1860) 15 Ind. 50, 53. 381 N.E.2d at 869.

In VIII Wigmore, Evidence § 2292 (McNaughton rev. 1961) the attorney-client privilege is further defined:

(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection [may] be waived.

 A determination of the issue at hand turns upon the nature of the documents sought. It is appropriate to reiterate that for a will to exist the statutory mandates set forth at IC 29–1–5–1 *et seq.* must be satisfied. In the absence of execution in the form prescribed by law there is no will. *Scampmorte v. Scampmorte,* (1962) 133 Ind. App. 276, 179 N.E.2d 302, 180 N.E.2d 385.

Tucker's position in justification of discovery relies almost exclusively upon a line of cases, represented by *Kern v. Kern,* (1900) 154 Ind. 29, 55 N.E. 1004, which set forth exceptions to the attorney-client privilege in situations dealing with validly exe-cuted wills. It is correctly asserted that in those cases the privilege is waived or terminated by operation of law so the testamentary intent embodied therein would be made known at the appropriate time.

The difference of *Kern, supra,* and its ilk with this case is that the metamorphosis from mere pages of writing to the status of a will was never achieved. At most the documents sought represent memoranda of a transaction contemplated in the foregoing *Wigmore* definition. Considering that there is authority for the position that the privilege accrues to the decedent's personal representative, absent an express or implied waiver, *Buuck v. Kruckeberg,* (1950) 121 Ind.App. 262, 95 N.E.2d 304, we are of the opinion that Tucker remains a stranger to the estate and is in no position to cause the privilege to be removed.

The trial court's order for discovery is reversed and the cause remanded for further action not inconsistent with this opinion.

Reversed and remanded.

LOWDERMILK, P. J., and NEAL, J., concur.