### CITY OF FORT WAYNE *v.* BOARD OF TRUSTEES OF THE TOWN OF NEW HAVEN, ET AL.

[No. 169A17. Filed April 23, 1971.]

*James Robert Arnold,* City Attorney, Fort Wayne, *Robert E. Meyers,* Associate Attorney, Fort Wayne, *Newkirk, Keane, Kowalczyk & Leal,* Fort Wayne, for appellant.

*Arthur H. Fruechtenicht, Hunt, Suedhoff, Borror & Eilbacher,* of Fort Wayne, for appellees.

HUNTER, J.—Petitioners (appellees) are before this court on a petition to transfer stemming from an unpublished order of the Appellate Court issued on September 25, 1970, overruling appellees' alternative motion to affirm or dismiss appellant's appeal. Since the order is unpublished, we will take the liberty of setting it out verbatim:

"ORDER—The appellees, Board of Trustees of the Town of New Haven and City of New Haven, having heretofore filed in this cause their Alternative Motion to Affirm, or Dismiss the Appeal, together with brief in support thereof and request for oral argument, all in the following words and figures, to-wit: (H.I.) And the appellant having filed its Brief in Opposition to said Alternative Motion to Affirm or Dismiss in the following words and figures, to-wit: (H.I.) And the said appellees having filed their Reply Brief to the Brief in Opposition, and also their Citation of Additional Authorities, all in the following words and figures, to-wit: (H.I.) The Court, having examined all of such matters, having heard the oral arguments of counsel for the appellant and appellees, and being duly and fully advised, now finds that this Court has jurisdiction of this appeal, that the appellees' said Alternative Motion to Affirm or Dismiss the appeal should be overruled, and the appellees ordered to. file their appellee's brief within sixty (60) days from the date of this Order.

IT IS THEREFORE ORDERED that the Alternative Motion to Affirm or Dismiss the Appeal heretofore filed in this cause by the appellees, Board of Trustees of the Town of New Haven and City of New Haven be, and the same is, overruled.

IT IS FURTHER ORDERED, that said appellees file their appellees' brief in this cause within sixty (60) days from the date of this Order.

ORDERED, this 25 day of September, 1970.
/s/ JOE W. LOWDERMILK,
Chief Justice"

There has been no disposition of the case on its merits and the only question presented for our review is the propriety

of the Appellate Court's overruling of appellees' above mentioned alternative motion to affirm or dismiss.

If we are to preserve the operating scheme of appellate practice established by our appellate rules of procedure, it is clear that appellees' petition to transfer must be dismissed. Implicit in Rule A.P.11 (B) is the requirement that the Appellate Court *decide* the case with a written opinion before transfer may be sought. The order above referred to cannot be considered a final disposition of the cause in any sense of the word but was merely collateral and procedurally incidental to an eventual final decision.

Appellees' petition to transfer, being premature in nature, is therefore dismissed. The matter is remanded to the Appellate Court for further briefing and decision on the merits.

Petition to transfer dismissed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 268 N. E. 2d 735.