SIKICH ET AL. *v.* SPRINGMANN ET AL.

[No. 27,854. Filed May 20, 1943. Rehearing denied June 16, 1943.]

*M. William Malszewski* and *Oscar B. Thiel,* both of Gary, for appellants.

*Willis C. McMahan* and *Henry G. Doherty,* both of Gary, for appellees.

SHAKE, J.—On June 4, 1935, the United States District Court for the Northern District of Indiana, adjudged the appellant Bartol Sikich a voluntary bankrupt as of June 1, when his petition was filed. The appellee Glenn W. Springmann is the trustee of said bankrupt estate and he instituted this action in the Lake Circuit Court, naming as defendants the bankrupt, his wife Emma, and the Transfer Realty Company, Inc. The complaint alleged that the bankrupt owned valuable real estate at the time of his adjudication; that title to said land was in the name of said corporation, which was a dummy, organized and used by the bankrupt to hold property for him; and that the corporation and the bankrupt's said wife claimed to be owners of said real estate. There was a prayer that the trustee be adjudged the owner of said property and that the corporation be required to account for and convey the same to the plaintiff.

The issues were closed by an answer in general denial, with a stipulation between the parties that the defendants might offer evidence as to any defenses that might have been specially pleaded. The cause was then venued to the Porter Circuit Court where there was a court trial. On the request of the defendants the court made a special finding of facts and stated conclusions of law, which were favorable to the plaintiff, and upon which it was adjudged that the plaintiff was the owner of certain real estate specifically described in the complaint and judgment. The bankrupt and his wife joined in this appeal and the appellee Transfer Realty Company, Inc., has assigned independent cross-errors. The propositions presented and relied upon by the complaining parties will be stated and considered in the course of this opinion.

The first question is one of jurisdiction of the subject-

matter. The appellants contend that since it was alleged in the complaint that the bankrupt owned and ██ was entitled to the possession of the real estate in controversy at the time of the adjudication and that the interest and title of the wife and corporation were merely colorable and were not substantial, the trustee is bound to the theory that the property was already in *custodia legis* and, therefore, within the exclusive summary jurisdiction of the bankruptcy court. The appellants' premise is too broad. That a bankruptcy court has summary jurisdiction over the *res* of property owned and in the possession of the bankrupt at the time of the adjudication is clear; but such was not the situation here. While the trustee asserted and the trial court found that he was the equitable owner and *entitled* to possession, actual possession, as well as *indicia* of the right to possession, was in another legal entity. This is disclosed by the complaint as well as by the fact that the corporation and the bankrupt's wife did not disclaim any interest in the property, but resisted the action all the way to this court under a state of issues broad enough to permit any defense. It appears to be well established that under the present bankruptcy act the trustee may maintain a plenary action in a state court to recover property belonging to the estate, but which is in possession of another claimant. *Taubel-Scott-Kitzmiller Co.* v. *Fox* (1924), 264 U. S. 426, 68 L. Ed. 770, 44 S. Ct. 396.

The appellants demanded a jury trial which was refused them. They say in their brief that the action was "to quiet title to real property, replevin, ██ conversion, and assumpsit for money had and received." We do not so consider it. As has already been pointed out, the trustee sought to obtain an adjudication that he was the owner of certain prop-

erty and to require the holder of the record title to make an accounting for the same. A proceeding for an accounting is generally regarded as an action in equity. *Spidell* v. *Johnson* (1890), 128 Ind. 235, 25 N. E. 889; *Kelley, Glover & Vale Realty Co.* v. *Bruck* (1941), 109 Ind. App. 440, 33 N. E. (2d) 777, 35 N. E. (2d) 120. If any essential part of an action is in equity, there is no error in denying a general request, such as was made here, for a jury trial. *Jennings* v. *Moon* (1893), 135 Ind. 168, 34 N.E. 996.

In view of the conclusions already reached, we cannot say that it was error to permit the complaint to be amended after the plaintiff had rested, so as to show that the corporation and the bankrupt's wife claimed to own the property which the trustee was seeking to reach, or to hear additional evidence on that subject. The amendment did not substantially extend the issues beyond those formed by the original complaint and the stipulation in lieu of an affirmative answer, as we have already interpreted them. The matter of the amendment and of the admission of additional evidence were within the purview of the trial court's discretion, and there is no showing of an abuse.

The record discloses by the *nunc pro tunc* entries of the Porter Circuit Court that on each of the days, November 12, 13, 14 and 15, 1940, in vacation of said court, the following proceedings were had in this cause, to-wit: "Trial of cause resumed." By virtue of Acts 1913, ch. 34, p. 62, the September term, 1940, of the Porter Circuit Court ended on Saturday, November 9, 1940, and the November term, 1940, of said court, did not begin until Monday, November 17, 1940. On this state of the record the appellants insist that it affirmatively appears that the Porter Circuit Court had no

jurisdiction to proceed with the trial of this cause between November 9 and 17, 1940.

There are two statutes of this State relating to the subject of holding court in vacation. Section 4-3102, Burns' 1933, § 1260, Baldwin's 1934, provides that when the business pending shall remain undisposed of at the close of a term, the judge may adjourn the court to any other time in vacation, of which notice shall be given by publication. At an adjourned term, so convened, the court may transact any business coming before it, as in regular term. There is no claim that the Porter Circuit Court assumed to avail itself of the provisions of this section.

Another section of the statute, § 4-3101, Burns' 1933, § 1259, Baldwin's 1934, is as follows:

"If, at the expiration of the time fixed by law for the continuance of the term of any court, the trial of the cause shall be progressing, said court may continue its sitting beyond such time, and require the attendance of the jury and witnesses, and do, transact and enforce all other matters which shall be necessary for the determination of such cause; and in such case, the term of said court shall not be deemed to be ended until the cause shall have been fully disposed of by the court."

In *Clevenger* v. *Kern* (1935), 100 Ind. App. 581, 197 N. E. 731, it was held that the above statute is remedial and entitled to a liberal construction for the benefit of parties having business in the courts and the general public. The act does not, in terms, require that before the close of the term at which a trial is in progress the judge shall enter a specific order directing the continuance of the trial in vacation, and we are of the opinion that no such order is necessary. In other words, the statute is self-executing, insofar as its availability is concerned. The fact that the trial was in

progress at the close of the term, and that the hearing continued into the vacation period with the acquiescence of all the parties, brings the procedure within the statute quoted above.

The trial court made seventy (70) lengthy findings of fact upon which it stated twenty (20) conclusions of law. It would unduly extend this opinion to quote or give the substance of these documents. The findings affirmatively disclose that the appellant Bartol Sikich was the owner of the property in controversy when he was adjudged a bankrupt, but that the record title thereto was in the said corporation; that the corporation and the bankrupt's wife claimed to own said property but that their claims were without foundation; and that the trustee succeeded to the interest of the bankrupt in said property. These findings were sufficient to support conclusions of law to the effect that the trustee was entitled to have an accounting for said property and judgment for the possession or value thereof, subject to the marital rights of the wife. *Edward Finch Co.* v. *Robie* (1926), C. C. A., 12 F. (2d) 360.

The judgment is affirmed.

NOTE.—Reported in 48 N. E. (2d) 808.