GIVAN, RECEIVER FOR THE STEEL OR BRONZE PISTON. RING CORPORATION *v*. THE UNITED STATES OF AMERICA

[No. 18,710. Filed April 17, 1956.]

*Dunbar & Dunbar, Merlin M. Dunbar, Lucien L. Dunbar* and *Thomas Clay Collier,* all of Indianapolis, for appellant.

*H. Brian Holland,* Assistant Attorney General, *Ellis N. Slack* and *Homer R. Miller,* Department of Justice, of Washington, D. C., *Jack Chapler Brown,* United States Attorney for Southern District of Indiana, *Stephen Leonard* and *James L. Miller,* Assistant United States Attorneys.

CRUMPACKER, J.—On February 8, 1950, Clinton H. Givan was appointed receiver for Steel or Bronze Piston Ring Corporation and is now engaged, under the supervision of the Marion Superior Court, in administration of the affairs of said corporation as such receiver. On March 7, 1951, the United States filed a claim in said receivership proceedings against said corporation for unpaid federal taxes due it in the sum of $281,777.12. Said claim consists of the following items to-wit: (1) Declared value excess profit taxes and additional excess profit taxes for the year 1942 in the sum of $18,454.09; (2) declared value excess profit taxes and additional excess profit taxes for the year 1943 in the sum of $76,875.30; (3) additional excess profit taxes for the year 1944 in the sum of $43,130.31; and (4) additional excess profit taxes for the year 1945 in the sum of $143,317.42.

On April 5, 1954, the United States filed a motion in said proceedings to dismiss without prejudice items 3 and 4 of its above described claim which motion was sustained and said claim, insofar as it is represented by said items 3 and 4, was so dismissed, over the receiver's objections, by order of the court on January 15, 1955. The legality of said order of dismissal is the sole question presented by this appeal.

Assuming without deciding that the dismissal of a cause without prejudice is a final judgment from which an appeal may be taken, it is apparent that the judgment here involved is a judgment in the appellant's

favor. Broadly speaking we think it is fundamental that a party cannot secure a review of a favorable decision unless he is in some manner aggrieved thereby. 4 C. J. S. Appeal and Error, §183, p. 359. From the appellant's brief we gather that he feels aggrieved because the appellee is now seeking to recover on the dismissed claims against one George J. Deeb, Sr., in the United States Tax Court on the theory that said Deeb is a transferee of certain assets of Steel or Bronze Piston Ring Corporation that are subject to its claim for taxes notwithstanding the transfer.

That in transferee cases, before the tax court, the Internal Revenue Code of the United States casts the burden on the transferee of showing that the government's determination of tax deficiencies is erroneous while, if the appellee were required to prosecute its claim in the Marion Superior Court, the forum it first chose, the burden would be on it to prove the merits of its claim in the same manner as any other claimant in a receivership proceeding. That by its motion to dismiss the appellee sought to put itself in a position to shop for a more advantageous forum where it could shed the burden of proving the validity of its claim.

If the appellant were in any manner penalized by this procedure we would concede merit to the contention. The appellant, however, is not a party to the transferee proceedings in the tax court and cannot be called upon to satisfy any judgment rendered therein. Therefore it seems to us that the fact that the law facilitates the appellee's recovery against the transferee in the tax court is of no concern to the appellant. He insists however that even though he is not a party to the proceedings against the transferee he is vitally concerned in its outcome. He says that in the event the appellee prosecutes said claim to a favorable judgment which

it is unable to collect it may then refile its claim against him and contend that the validity thereof is *res adjudicata.* It is our opinion that under such circumstances the doctrine of *res adjudicata* or estoppel by finding would have no application. We find nothing in the record that indicates that the appellant has or will be aggrieved in any manner by the favorable judgment from which he appeals.

Judgment affirmed.

Bowen, J., not participating.

NOTE.—Reported in 133 N. E. 2d 577.