**INTERNATIONAL SHOE COMPANY,**
Appellant,

v.

**MARCUS, INC., Appellee.**

No. 7664.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 12, 1966.

Rehearing Denied Jan. 16, 1967.

Thomas J. Griffith, Jr., Lubbock, for appellant.

J. R. Blumrosen, Lubbock, for appellee.

NORTHCUTT, Justice.

This suit was originally filed by the plaintiff, International Shoe Company, a corporation, against the defendant, Marcus, Inc., a corporation, to recover for its damages on account of merchandise sold to the

defendant by the plaintiff. Thereafter the plaintiff in July 1964 filed its First Amended Petition making Marcus Rosenwasser a party defendant and seeking judgment of and against Marcus, Inc. and Marcus Rosenwasser, jointly and severally. The defendant, Marcus Rosenwasser, filed his plea in abatement contending the plaintiff was estopped to pursue a claim against him as an individual because therefor the plaintiff had made an election and had sought recourse by the plaintiff in its suit against this defendant as an individual by filing a claim in bankruptcy in the United States District Court for the Northern District of Texas, Lubbock Division, in the matter of Marcus, Inc.

On the hearing of the plea in abatement the parties made and entered into an agreed statement of the case and presented the same to the trial court for his consideration in passing upon said plea. That part of the agreed statement of the case concerning the issue here involved is as follows:

"This suit was instituted by International Shoe Company as plaintiff by filing its original petition on December 20, 1963, against the defendant, Marcus, Inc. only for breach of contract. The defendant, Marcus, Inc., answered with general exception and general denial.

"Thereafter, on the 3rd day of February, 1964, the defendant, Marcus, Inc., filed its voluntary petition in bankruptcy before the Referee in Bankruptcy for the Lubbock Division, Northern District of Texas, United States District Court, No. BK–5–31. The petition in bankruptcy listed International Shoe Company as a creditor in the same amount sought by International Shoe Company in its original petition filed on December 20, 1963, and for the same amount which International Shoe Company sought in its first amended petition which was filed on or about July 22, 1964, against not only Marcus, Inc., but against Marcus Rosenwasser, an individual. Said amended petition claimed in substance that the corporation was merely an alter ego of Marcus Rosenwasser.

"Upon notice to International Shoe Company, a claim for the amount of debts sought in the suit was perfected by International Shoe Company, filing claim as a general creditor, and International Shoe Company appeared by its attorney before the bankruptcy court, where its attorney was the chief antagonist of the corporation in bankruptcy, asking more questions than any other interested party.

"The corporation was adjudicated bankrupt by the court, and a Trustee was appointed in bankruptcy. No dividend has ever been paid to creditors; however, the Trustee in bankruptcy has announced that he anticipates making a first and final distribution to general creditors of 14.6 per cent, which sum will evidently be paid by no later than April 30, 1966, to all the general creditors, which includes International Shoe Company.

"That in discussion before the Court, International Shoe Company made the allegation that the corporation in bankruptcy had never made an application for discharge; the attorney for Marcus, Inc. stated that he thought an application had been made for discharge of the corporation. For whatever benefit it might be worth to the Court, a subsequent check of the records in BK–5–31 styled Marcus, Inc. in bankruptcy of the Referee in bankruptcy reveal that an application for discharge was filed by Marcus, Inc. on the 25th day of February, 1964. That the bankruptcy court sent out notices to all the creditors that they had until April 20, 1964, to file objections, if any, to discharge of the bankrupt. No protest has ever been filed by any creditor to discharge of the bankrupt and more especially none was filed in the time prescribed by the Referee in bankruptcy. That an order actually has been entered

discharging the corporation in bankruptcy. That as mentioned above, the plaintiff, International Shoe Company, filed its first amended petition on or about July 22, 1964, alleging joint and several liability against the defendants, Marcus, Inc. and Marcus Rosenwasser, an individual, as is reflected by the transcript of the proceedings herein.

"The defendants, Marcus, Inc. and Marcus Rosenwasser, an individual, joined issue upon their first amended answer, which answer is reflected by transcript of proceedings herein.

"Upon pretrial hearing, the Court determined upon the foregoing statement of facts that final judgment should be rendered in favor of Marcus Rosenwasser, an individual, and against the plaintiff as is reflected by the order of the court included in the transcript herein."

Judgment was entered by the trial court that the plaintiff, International Shoe Company, take nothing from defendant, Marcus Rosenwasser, and that he go hence with his cost. From that judgment the plaintiff perfected this appeal upon one point of error as follows:

"The trial court erred in holding before trial that Appellant made an election of remedies by filing a claim for debt in bankruptcy proceedings of a corporation that barred a pending suit for debt against an individual who was jointly and severally liable, but not bankrupt."

We are of the opinion and so hold that since Marcus, Inc. had gone into bankruptcy and the plaintiff had filed its claim in the bankruptcy proceedings, it had entered its claim in that proceeding and that the Referee in Bankruptcy was entitled to the exclusive right to proceed against Rosenwasser for his liability to the corporation for the benefit of all parties interested in its assets if any such liability existed.

In determining whether the appellant made an election we must determine if there were inconsistent remedies requiring an election. We think there was. The appellant, in other words, had to make an election whether it considered the corporation owed it for the merchandise sold or whether the corporation and Rosenwasser were the same; i. e., that the corporation was Rosenwasser's alter ego and Rosenwasser owed the bill.

In other words, the appellant by filing its claim in the bankruptcy proceedings contended that Marcus, Inc., as a corporation, owed the appellant. Although notice was given to appellant that it had until April 20, 1964, to file objections, if any, to the discharge of Marcus, Inc. the appellant made no objections and an order was entered discharging Marcus, Inc. in bankruptcy. The indebtedness had been declared as the indebtedness of Marcus, Inc. and has been disposed of as being discharged.

■ It seems to be well settled as a rule in this state that an election of remedies arises when a party has two or more inconsistent remedies and chooses to exercise one of them in such case he abandons his right to exercise the other remedy or remedies. Jones v. Jeffreys, 244 S.W.2d 924 (Tex.Civ.App.–Dallas, 1951, writ dism'd); Simmons v. Clampitt Paper Co., 223 S.W.2d 792 (Tex.Civ.App.–Dallas, 1949, ref'd nre); Employers Reinsurance Corp. v. Wagner, 250 S.W.2d 420 (Tex. Civ.App.–Galveston, 1952, ref'd nre); Van Sickle v. Locke, 220 S.W.2d 919 (Tex.Civ. App.–Dallas, 1949, ref'd nre) and the many cases cited in each of these cases.

■ We think the appellant made its election as it was required to do. It elected to proceed in the bankruptcy matters and have its claim established against Marcus, Inc. and never at any time until the bankruptcy proceedings were closed contended Rosenwasser was the real party indebted to it.

Judgment of the trial court is affirmed.