IN THE MATTER OF THE GUARDIANSHIP OF
GARY LEE GOLTRY *v.* GOLTRY.

[No. 20,624. Filed December 30, 1966.]

*Miller, Tolbert & Hirschauer,* and *Tom F. Hirschauer,* of Logansport, for appellant.

*O'Neill & O'Neill* and *Lynn O'Neill,* of Logansport, and *Albert W. Ewbank,* of Indianapolis, for appellee.

PRIME, J.—This is an appeal from a finding charging Mabel Sanders as Guardian of Gary Lee Goltry, upon termination of the guardianship, with a gross sum of $10,936.68, less credits in the sum of $2,738.10, or a balance of $8,198.58, less costs and attorney fees. Appellant Sanders filed a final account showing a balance of $3,030.48, and a supplemental final report with a final balance of $1,930.48 available for distribution to appellee Goltry. The guardianship was terminated by Appellee's marriage and ability to provide for his own financial affairs.

The only issue before us is the propriety of the court's finding and judgment regarding compensation of appellant as Guardian:

"The Court now having had this matter under advisement and having requested the attorneys for the parties herein to supply to the Court Special Findings of Fact and Conclusions of Law. And the counsel for the guardianship having failed to do so, the Court now having re-considered all of the evidence in this cause and the statements of counsel, does now find for the Objector to the Final Accounting herein as follows:

"That the Guardian herein is chargeable with the gross sum of $10,891.68, and that she sold guardian's property without authority, including a TV set for $35.00, and an electric grill for $10.00, making a total amount chargeable of $10,936.68.

"Court further finds that the Guardian herein did not file an Inventory in said Trust and has otherwise totally ignored her responsibility as such Guardian.

"The Court further finds that a reasonable sum for the care of the ward by the Guardian while the said ward was residing in the Guardian's home, is in the sum of $10.00 per week, and that the Guardian advanced $1.75 week [sic] for lunch money to said ward for 168 weeks, for a total of $443.90, and is entitled to $1,680.00 for the same period, plus $336.00 for meals at $1.00 per meal.

"Court further finds that the guardian has expended $378.20 for clothing and accordingly, the Guardian herein is

entitled to a total credit of $2,738.10, and that there is now a balance due ward from the Guardian herein, of $8,198.58.

"The Court further finds that the attorney for the Guardian herein is entitled to a fee to be paid by the Guardian herein which includes the one day of trial and other legal procedures taken by the said attorney for the Guardian, in the sum of $250.00, which the said Guardian is ordered and directed to pay.

"The court further finds that the Guardianship is liable for the total costs herein, and that the Guardian is hereby ordered and directed to pay to the Clerk of the Cass Circuit Court total costs herein.

"The Court further finds that a Guardian for a minor ward, or, in fact, any ward, must exercise utmost discretion of wards' estates and properties, and that a Guardianship is not established for the benefit of the Guardian, and that no unjust enrichment should ever accrue by any means whatsoever to the Guardian and that the charges made herein by the Guardian, without any order or approval of Court, were exorbitant, unfair and unconscionable. It is incumbent upon Courts, expecially at the time of final accounting, to scrupulously and carefully examine all final reports in any fiduciary matter, to the end that the trust reposed upon fiduciaries, including guardians, shall be exercised with scrupulous integrity and to every extent possible to protect and otherwise insure that the rights of the innocent incompetents shall be fully, completely and honestly accounted for, without any possibility of depletion of the ward's estate unfairly.

"Accordingly, the Court finds that there was no period of time in which the guardian did not make a charge; that she has been fully paid for her services herein and is not entitled to any further compensation in this cause.

"Accordingly, the Court finds that the Guardian should pay over to the ward the sum of $8,198.58, less the attorney's fees allowed herein and less the costs herein."

Appellant's final accounting is based solely upon the withdrawals from the guardianship account. Her accounting is evidence of nothing more than the amount withdrawn. She submitted several pages of alleged expenditures, which the trial court chose to disregard. No other vouchers or other

tangible evidence of actual expenditures on behalf of her ward were presented.

As aptly stated by the trial court, a guardianship is for the protection and benefit of its ward, not its guardian. The law jealously guards the interests of those whose estates are in the care and keeping of the court. *Enler* v. *Enler* (1913), 55 Ind. App. 547, 102 N. E. 856.

The trial court clearly had the discretionary power to adjust the compensation of appellant to reasonable standards at the final accounting. Burns' Ind. Statute § 8-145.

Having been presented no valid legal or factual basis for reversal, the judgment appealed from is hereby affirmed.

Carson, J., and Wickens, C. J., concur.

Faulconer, J., dissents without opinion.

NOTE.—Reported in 222 N. E. 2d 407.