NEHI BEVERAGE COMPANY, INC. OF INDIANAPOLIS and Marvin Farber, Appellants (Defendants),

v.

Vernon J. PETRI, as Trustee of the Joe Newman Advertising Inc. Creditors' Trust, Appellee–Cross–Appellant (Plaintiff),

and

Royal Crown Cola Company, Cross–Appellee.

No. 49A04–8802–CV–53.

Court of Appeals of Indiana, Fourth District.

May 4, 1989.

Opinion on Rehearing July 10, 1989.

Dean E. Richards, Indianapolis, for appellants.

Sidney Mishkin, Michael O. Ellis, Mishkin, Cromer, Eaglesfield & Maher, Indianapolis, for appellee-cross-appellant.

Henry J. Price, Curtis J. Dickinson, Price & Delaney, Indianapolis, Thomas W. Queen, Michael L. Sturm, Wiley, Rein & Fielding, Washington, D.C., for cross-appellee.

CONOVER, Presiding Judge.

Defendants–Appellants Nehi Beverage Company and Marvin Farber appeal from money judgments in favor of Plaintiff–Appellee Vernon J. Petrie, trustee of Joe New-man Advertising, Inc. (Trustee) entered respectively upon (1) a jury verdict, and (2) a decision by the court on a claim removed from jury consideration.[1]

We consider and decide the issues only as they relate to Appellant Farber.

Plaintiff–Appellee Cross–Appellant Newman's trustee appeals the court's judgment on the claim removed from jury consideration.

We affirm.

Farber lists eight issues. Consolidated and rephrased they are: whether the court erred by

1.[2] giving the court's final instructions numbered 7, 8, 9, 10, 13, 14, 15, 16, 19, and 20; and refusing part or all of Appellant's tendered instructions numbered 1, 2, 4, and 5;

2. granting judgment against Nehi on the Trustee's claim of unjust enrichment;

3.[3] denying appellant Farber's motion for a judgment on the evidence; and

4.[4] awarding prejudgment interest.

Cross–Appellant Newman's trustee presents one issue:

1. whether the trial court erred by removing from jury consideration the Trustee's claim of unjust enrichment.

FACTS

This case began in April, 1984, as a simple collection case. Newman sued Nehi

---

1. Nehi filed a petition in bankruptcy while this appeal was pending. The automatic stay provision of 11 U.S.C. 362(a)(1) precludes consideration of any issues as they relate to Nehi.

Nehi and Farber are both represented by attorney Dean E. Richards. Only after we reviewed the record, noted a 1985 bankruptcy notice, and issued an order to show cause did Richards, with untimely response, deign to inform us about the 1988 bankruptcy petition. We recognize and understand the automatic stay provisions of the Bankruptcy Code are effective from the time of filing whether or not we are notified. However, from the time the 1988 petition was filed until our order to show cause, Richards actively pursued this appeal on behalf of *both* Nehi and Farber. He moved for and was granted extensions of time to file briefs on behalf of *both* then filed them. He took all these actions as the attorney for *both,* never informing us our consideration was limited to only Farber by operation of 11 U.S.C. § 362. Further, Richards's response to our order to show cause was 16 days late and did not mention the 1985 bankruptcy notice which was its subject. The other parties to this appeal told us the 1985 petition had been dismissed.

Regardless of whether such failure was deliberate or merely the result of negligence, Richards has breached his professional responsibility to this court. His inaction in this regard required us to assume the role of judicial "detective" to ferret out the truth of this matter, expending in the process an inordinate amount of judicial time in that pursuit to the detriment of other litigants whose appeals also pend here. We direct Richards's attention to the provisions of Rules of Professional Conduct, Rule 3.1, Meritorious Claims and Contentions, Rule 3.3, Candor Toward the Tribunal, and Rule 3.5, Impartiality and Decorum of the Tribunal, subsection (c). While conceding counsel may not have violated the letter of these rules so as to warrant disciplinary proceedings, unquestionably he has violated their spirit by his inaction in this regard.

2. Appellant's issues 1–5.

3. Appellant's issue 7.

4. Appellant's issue 8.

Beverage Company, Inc. of Indianapolis (Nehi) on its account. Newman alleged Nehi owed $47,750. Newman prayed for that amount, plus prejudgment interest and costs. After a storm of pleadings, cross claims, and the addition of new parties, the case came to trial in late August, 1987. At the time of trial, the plaintiff was Vernon J. Petrie as trustee for Joe Newman Advertising, Inc. Creditors Trust; Defendants were Nehi Beverage Co. of Indianapolis, Inc., Marvin Farber, and Royal Crown Cola Co. (R.C.); R.C. had a cross-claim against Nehi; and Nehi had a counterclaim against R.C.

The Trustee's sixth amended complaint Count I alleged all defendants were indebted to Joe Newman Advertising, Inc. for advertising services, in Count II they were unjustly enriched thereby, and in Count III R.C. had agreed to pay Nehi up to one-half of the advertising campaign's cost and Newman was the third party beneficiary thereof. At trial, the court took from the jury consideration of the Trustee's Count II for unjust enrichment. The jury then returned a verdict of $42,800 for Newman's Trustee against Nehi on Count I, but not against Farber or R.C., and a verdict of $86,625 for Newman's Trustee against Farber, but found in favor of R.C. on Count III. The trial court entered judgment on these verdicts together with pre-judgment interest of $12,292.27 on Count I, $23,677.50 on Count III, and costs. The trial court on its own then entered judgment of $47,750 for Newman's Trustee against Nehi on Count II, and found in favor of Defendants Farber and R.C. It did not, however, award interest on its Count II judgment.

Farber's motion to correct error and Newman's Trustee's motion to correct error were denied. They appeal and cross-appeal respectively.

Additional facts as necessary are stated below.

DISCUSSION

(a) *Appellant's Brief: Noncompliance with Appellate Rules.*

We first note generally the appellant's brief submitted by Farber fails to comply with Ind.Rules of Procedure, Appellate Rule 8.3(A)(4), 8.3(A)(5) and 8.3(A)(7).

■ We prefer to decide cases on the merits rather than on technicalities. However, we will deem errors waived where an appellant's noncompliance with the rules is so substantial it impedes our consideration of them. Cf. *Hebel v. Conrail, Inc.* (1985), Ind., 475 N.E.2d 652, 661 (claimed error about refused instructions not considered); *Stepp v. Review Board* (1988), Ind.App., 521 N.E.2d 350, 353 (substantial compliance with A.R. 8.3(A) permitted consideration of issues); *Lambert v. Farmers Bank* (1988), Ind.App., 519 N.E.2d 745, 747 (failure to comply with A.R. 8.3(A)(4), (7) did not preclude appellate review); *Captain and Co., Inc. v. Stenberg* (1987), Ind.App., 505 N.E.2d 88, 95, *trans. denied* (claimed error about sufficiency of evidence waived). Appellants bear the burden of demonstrating error. This court will not sift through a record to locate error so as to state an appellant's case for him. *Matter of Loeb* (1986), Ind.App., 492 N.E.2d 40, 42.

■ Appellate Rule 8.3(A)(4) requires an appellant's brief to contain a statement of the case. It says:

(4) A statement of the case. The statement shall first indicate briefly the nature of the case, the course of proceedings, and its disposition in the court below, including a verbatim statement of the judgment.

The statement of the case is intended to assist this court by setting forth the procedural posture of the case. An appellant need not include the contents and dates of all pleadings, hearings, and orders, but it is necessary to accurately report all entries which explain the court's actions and affect the issues on appeal. *Moore v. State* (1981), Ind.App., 426 N.E.2d 86, 89.

Here with diligent probing, the informational nuggets required by the rule can be found buried within superfluous overburden contained in Farber's statement of the case. It is anything but brief and contains a plethora of information extraneous to the purpose of the rule. Cf. *Matter of Posey* (1986), Ind.App., 513 N.E.2d 674, 677 (punitive attorney fees awarded for noncompliance with A.R. 8.3(A); *Posey v. Lafayette Bank & Trust Co.* (1987), Ind., 512 N.E.2d 155 (award of punitive attorney fees affirmed on petition to transfer).

A.R. 8.3(A)(5) requires an appellant's brief to have a statement of facts. The rule says:

(5) A statement of the facts relevant to the issues presented for review, with appropriate references to the record. The statement need not make references to parts of the record not particularly related to or involved in the error claimed.

■ Farber's statement of facts consists of a witness by witness summary of testimony purportedly favorable to his contentions. This is not a statement of facts within the meaning of A.R. 8.3(A)(5). The statement of facts should be a concise narrative of facts stated in a light most favorable to the judgment. It should not be argumentative. It should not summarize the testimony of each witness. *FMC Corp. v. Brown* (1988), Ind.App., 526 N.E.2d 719, 723, n. 1; *Walters v. Dean* (1986), Ind.App., 497 N.E.2d 247, 249; *Lucas v. Frazee* (1984), Ind.App., 471 N.E.2d 1163, 1166, n. 1.

A.R. 8.3(A)(7) requires an appellant's brief to have an argument section. The rule provides in relevant part

(7) An argument. Each error assigned in the motion to correct errors that appellant intends to raise on appeal shall be set forth specifically and followed by the argument applicable thereto.

．　．　．　．　．

The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review.
*When error is predicated on the giving or refusing of any instruction, the instruction shall be set out verbatim in the argument section of the brief with the verbatim objections, if any, made thereto. Any error alleged in the motion to correct errors not treated as herein directed shall be deemed waived.* (Our emphasis).

A.R. 8.3(A)(7) requires appellants to set out verbatim challenged instructions and the objections made to them. Farber's wholesale noncompliance with this rule, discussed in more detail below, precludes review of his first five issues.

(b) *The Issues*

(1) Farber's first five issues aver the court erred when it gave court's instructions 7, 8, 9, 10, 13, 14, 15, 16, 19, and 20. Farber contends the court erred by refusing parts or all of his tendered instructions 1, 2, 4, and 5.

(i) *Instructions Given*

■ No party may claim error as to the giving of an instruction unless he makes a timely and specific objection. *Terre Haute Regional Hospital v. El–Issa* (1984), Ind. App., 470 N.E.2d 1371, 1376, *trans. denied; United Farm Bureau Mutual Ins. Co. v. Cook* (1984), Ind.App., 463 N.E.2d 522, 526; Ind.Rules of Procedure, Trial Rule 51(C).

A review of this record shows Farber did not object to court's instructions 7, 8, 9, 13, 14, 15, or 16. Appellate review of these instructions is waived.

■ Farber's argument does not quote court's instructions 10 and 19 and quotes only part of instruction 20. The argument does not quote objections to 19 and 20. The argument quotes the objection to number 10, but claims it is an objection to number 8 for which no objection was made. Appellate review of these instructions is waived. A.R. 8.3(A)(7).

(ii) *Instructions Refused*

■ Farber asserts the court erred by failing to give all of his tendered instructions 1 and 2. We note defendant's tendered instruction number 1 was modified and given as court's instruction number 8. Defendant's instruction number 2 was modified and given as court's instruction number 9. As noted above, Farber made no objection to court's instructions 8 and 9. Failure to object to the modification waived error. *Sims Motor Transport Lines v. Davis* (1955), 126 Ind.App. 344, 352, 130 N.E.2d 82, 85.

Farber asserts the court erred by refusing his tendered instructions 4 and 5, but does not set out the instructions offered as required by A.R. 8.3(A)(7). These issues are waived.

(2) Court's Judgment on the Unjust Enrichment Claim—Count II

■ Farber next contends the jury's verdicts and the judgments entered upon Counts I and III should be set aside because they are inconsistent with and contrary to the court's judgment on Count II. Because judgment on Count II was entered in favor of Farber, he has no cause to complain. One cannot appeal a judgment in his favor unless he is in some manner aggrieved thereby. *Given v. U.S.* (1956), 126 Ind.App. 425, 427, 133 N.E.2d 577, 578. *Cf. City of Indianapolis v. Indiana State Board of Tax Commissioners* (1974), 261 Ind. 635, 638, 308 N.E.2d 868, 870 (one who has no demonstrable injury has no standing to appeal).

**(3) Denial of Motion for Judgment on the Evidence**

Farber contends the court erred when it denied his motion for judgment on the evidence. Ind.Rules of Procedure, T.R. 50. The motion was made after Newman's Trustee rested. Defendants Farber, Nehi, and R.C. then presented their cases. Farber does not tell us whether the motion for judgment on the evidence was renewed at the end of the trial. Farber's motion to correct error asserted denial of the motion was improper because "... evidence offered against Farber was insufficient as a matter of law." (Paragraph 3 of R. 1:2). Farber's memorandum in support of the motion argued Newman's trustee failed to present any evidence either Farber or Nehi converted property belonging to Newman.

On appeal Farber argues the evidence is insufficient to show Farber converted the property of another. Farber argues "there is no evidence to support the finding that Farber treated his corporation as a separate entity from himself and his business affairs and could be held liable for the debts of his corporation ..." (Appellant's Brief 46–47). In this argument Farber points to only plaintiff's exhibit 40, a ledger sheet showing Farber's loan transaction with Nehi and a set-off of personal debts from monies due him. Farber further asserts "all witnesses testified" all services were rendered for Nehi and Farber was always acting on behalf of Nehi. Farber asserts Newman's Trustee abandoned its third party beneficiary theory. Farber claims there was no evidence his acts made him a joint venturer with R.C. and Nehi.

Newman's Trustee argues Farber has waived this contention by failure to make cogent argument, by failure to cite to pertinent parts of the record, and by failing to cite pertinent authority. A.R. 8.3(A)(7). In addition, the Trustee argues Farber must, but failed to, show the evidence was without conflict and is susceptible to only an inference in his favor. The trustee notes Farber must, to show error, set forth the evidence and demonstrate the evidence and inferences from it were in his favor.

As recently noted, when
... reviewing a trial court's ruling on a motion for judgment on the evidence, this court is bound by the same standards which governed the trial court's decision in the first instance. *Tancos v. A.W. Inc.* (1986), Ind.App., 502 N.E.2d 109; *Senco Products, Inc. v. Riley* (1982), Ind.App., 434 N.E.2d 561. A trial court may properly grant a defendant's motion for judgment on the evidence only when there is no evidence on one or more of the critical elements of the plaintiff's cause of action or the evidence with respect thereto is without conflict and leads only to inferences in favor of the defendant. Indiana Rules of Procedure, Trial Rule 50(A); *Welch v. Railroad Crossing, Inc.* (1986), Ind.App., 488 N.E.2d 383, 387. Thus, where there is a failure of proof on an essential element of the plaintiff's case, the trial court is correct in taking the case from the jury. *Craven v. Niagra Machine and Tools Works, Inc.* (1981), Ind.App., 417 N.E.2d 1165, *reh. granted on other grounds,* (1981), 425 N.E.2d 654, *trans. denied.* The trial court may consider only the evidence and reasonable inference to be drawn from the evidence sufficient to support the claim, or if there is evidence allowing reasonable people to differ as to the result, then judgment on the evidence is improper. *Jones v. Gleim* (1984), Ind., 468 N.E.2d 205.

*Kroger Co. Sav–On Store v. Presnell* (1987), Ind.App., 515 N.E.2d 538, 543.

We agree with Newman's trustee. Farber's arguments are nothing more than bare assertions the trial court erred by denying his motion for judgment on the evidence. Farber presents no intelligible argument relating evidence to the motion. Farber directs our attention to only plaintiff's exhibit 40 (R. 10:2291), does not discuss any testimony concerning it, and thus does not show how plaintiff's exhibit 40 leads only to an inference in his favor. Farber's single citation is to *Kopis v. Savage* (1986), Ind.App., 498 N.E.2d 1266, about which he asserts it "undoubtedly supports Farber ... on this point." (Appellant's Brief, 46). Farber does not argue how the facts and the law of that case relate to this contention.

This issue is waived for failure to make cogent argument. A.R. 8.3(A)(7); *Captain and Co., Inc. v. Stenberg* (1987), Ind.App., 505 N.E.2d 88, 95.

**(4) Prejudgment Interest**

Finally, Farber contends the court erred by awarding prejudgment interest on the jury verdicts upon counts I and III. Judgment was not rendered against Farber on Count I, thus he cannot appeal from it. *Givan, supra.* We consider the issue only as it relates to Count III.

Farber argues awards of prejudgment interest are governed by IND. CODE 24–4.-6–1–101,[5] 24–4.6–1–102.[6] Farber argues damages were not ascertainable in accord with fixed rules of evidence and accepted standards of evaluation, citing *Courtesy Enters, Inc. v. Richards Labs* (1983), Ind. App., 457 N.E.2d 572. Farber summarizes the cases of *Rosner v. Schact* (1983), Ind. App., 452 N.E.2d 1079, and *Nationwide Mutual Ins. Co. v. Nettle* (1982), Ind.App., 434 N.E.2d 585, but does not relate them to this appeal.

Newman's Trustee argues Farber fails to set out relevant statutes, fails to set forth his argument, fails to relate the cases cited to this appeal, and fails to point to relevant facts, grounds, or relevant portions of the record in support of his contention. The Trustee opines assessment of prejudgment interest was correct. The Trustee notes Farber's motion to correct error raised no issue about prejudgment assessment being a function of the jury. The Trustee asserts the amount of payment due in this case has never been in controversy.

We first note IND.CODE 24–4.6–1–101 applies to interest on judgments only, not to prejudgment interest awards. IND. CODE 24–4.6–1–102 and IND.CODE 24–4.-6–1–103 concern the rate of interest to be applied and the time from which it is to be applied.

We agree with Farber's assertion prejudgment interest may be awarded where the award of damages is ascertainable in accord with fixed rules of evidence and accepted standards of evaluation, *Lystarczyk v. Smits* (1982), Ind.App., 435 N.E.2d 1011, 1015, and where a simple mathematical computation can operate on the amount for which the defendant is found liable. *Indiana Department of Public Welfare v. Chair Lance Service, Inc.* (1988), Ind., 523 N.E.2d 1373, 1379. However, Farber fails to demonstrate such is not the case here. Farber does not contest the amount of the interest. He merely asserts damages were not ascertainable in accord with fixed rules of evidence and accepted standards of evaluation. He does

not explain which evidence supports his argument or why damages could not be simply determined on the fixed sums alleged to be owed. Farber has waived this issue by failing to make a cogent argument. Ind.Rules of Procedure, A.R. 8.3(A)(7).

CROSS–APPEAL

Cross-appellant Newman's Trustee contends the court erred when it removed from jury consideration Count II of its complaint. Count II was removed from jury consideration upon defendant R.C.'s motion. Newman's Trustee seeks remand for a new trial on this issue. To the extent judgment on Count II relates to defendant Nehi, this court expresses no opinion because our consideration of it is stayed pending resolution of Nehi's bankruptcy. 11 U.S.C. § 362(a). However, the court entered judgment in favor of R.C. and Farber on this count. Thus, as things now stand the Trustee cannot recover from them on this count.

In sum, Newman's Trustee argues claims of unjust enrichment, while equitable in nature, are quasi-contract claims properly tried to a jury under T.R. 38. With lengthy citation to both primary and secondary authority, Newman's Trustee argues the claim of unjust enrichment arose in the law courts as a remedy for breach of an implied promise to pay.

Citing our cases noting the "equitable nature" of unjust enrichment, Farber and R.C. separately argue Count II was a claim in equity for which jury trial is unavailable.

As we recently discussed:

> The right to a jury trial in civil cases is guaranteed only in those actions which were triable by jury at common law prior to June 18, 1852. Ind.Rules of Procedure, Trial Rule 38(A); *Estate of Ballard v. Ballard* (1982), Ind.App., 434 N.E.2d 136, 140. Equity claims are to be tried to the court. *Lewandowski v. Beverly* (1981), Ind.App., 420 N.E.2d 1278, 1282. Therefore, the key determination to be made is whether the claim involved is legal or equitable in character. *Ballard, supra* at 140; *Winney v. Board of Com-*

5. 24–4.6–1–101. Maximum interest rate.—Interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at:

(1) The rate agreed upon in the original contract sued upon which shall not exceed an annual rate of twelve percent [12%] even though a higher rate of interest may properly have been charged according to the contract prior to judg-

ment; or

(2) An annual rate of twelve percent [12%] if there was no contract by the parties.

6. 24–4.6–1–102. Rate in absence of agreement. —When the parties do not agree on the rate, interest on loans or forbearances of money, goods or things in action shall be at the rate of eight percent [8%] per annum until payment of judgment.

*missioners* (1977), 174 Ind.App. 624, 369 N.E.2d 661, 664. Indiana recognizes that "[t]he character of an action is determined by its substance, not its caption or formal denomination." *English Coal Co. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302, 308. In making such a determination, we must examine the totality of the pleadings and relief sought. *Hiatt v. Yergin* (1972), 152 Ind.App. 497, 284 N.E.2d 834, 846–847 (overruled on other grounds).

*Midwest Fertilizer Co., Inc. v. Ag–Chem Equipment Co.* (1987), Ind.App., 510 N.E.2d 232, 233. Accord, *Jones v. Marengo State Bank* (1988), Ind.App., 526 N.E.2d 709, 713.

In this case both Counts I and II alleged Newman provided advertising services, goods, wares, and merchandise to all defendants. Count II added the allegation the "advertising and advertising services and the benefit thereof have been enjoyed, kept and utilized by the defendants[.]" It averred the reasonable value of the services was $47,750, the same as the amount averred in Count I.

Unjust enrichment as alleged in Count II is but the equitable *reason* for requiring payment for value of goods and services received. *Cato Enterprises, Inc. v. Fine* (1971), 149 Ind.App. 163, 174, 271 N.E.2d 146, 154. The theory of a case claiming a defendant has been unjustly enriched may be either legal or equitable. E.g. *Board of Commissioners of Decatur County v. Greensburg Times* (1939), 215 Ind. 471, 480, 19 N.E.2d 459, 462–463 (quasi-contracts are imposed or created by law), *reh. denied* 215 Ind. 471, 482, 20 N.E.2d 647, 648 (quasi-contracts are obligations created by law and ordinarily enforced at common law); *Midwest Fertilizer, supra* (indemnity claim was based upon alleged breach of implied and express warranties, actions at law); *Indianapolis Raceway Park v. Curtiss* (1979), 179 Ind.App. 557, 559, 386 N.E.2d 724, 726 (unjust enrichment comes within the purview of an action based on quasi-contract); and *In re Galtry* (1966), 140 Ind.App. 76, 78, 222 N.E.2d 407, 408 (the appellate court, affirming a final accounting, notes approval of the trial court statement a guardianship is for the protection and benefit of its ward, not its guardian. The trial court there also said "... no unjust enrichment should ever accrue by any means whatsoever to the guardian ..."); *Sikich v. Springmann* (1943), 221 Ind. 483, 488, 48 N.E.2d 808, 809 (a proceeding for an accounting is generally regarded as an action in equity, thus no error in denying a request for a jury trial).

Our courts have used the phrases quasi-contract, contract implied-in-law, constructive contract, and *quantum meruit* synonymously. *Biggerstaff v. Vanderburgh Humane Society* (1983), Ind.App., 453 N.E.2d 363, 364, n. 1. These are *legal* fictions providing a remedy to prevent unjust enrichment, thereby promoting justice and equity. *Biggerstaff*, 453 N.E.2d at 364. But, they are legal fictions created by courts of law. They were triable at law and not in equity, thus one is entitled to jury trial upon them. See, e.g. *Board of Commissioners of Decatur County, supra.* The Appellate Court of Illinois in a decision in accord with our precedents, recently discussed the reason for the confusion generated when one "claims" unjust enrichment. It said:

> The theory on which the plaintiff in this suit seeks money damages, unjust enrichment, sometimes referred to as restitution, a contract implied in law, quasi-contract, or an action in *assumpsit*, is the product of a long tradition in law, and is an action at law. (*Board of Highway Commissioners v. City of Bloomington* (1911), 253 Ill. 164, 173, 97 N.E. 280, 284–85; *Dickerson Realtors, Inc. v. Frewert* (1974), 16 Ill.App.3d 1060, 1063, 307 N.E.2d 445, 448; see Restatement of Restitution, Introductory Note (1937); 1 Palmer, Restitution sec. 1.2 (1978); 1 A. Corbin, Contracts, sections 19, 20 (1 vol. ed. 1952); Dobbs, Remedies sec. 4.2, at 232 (1976).) The confusion with equity emanates from the decision of the King's Bench in 1760 in the case of *Moses v. Macferlan*, 2 Burr. 1005, 97 Eng.Rep. 676, where Lord Mansfield stated that the defendant's obligation came "from the ties of natural justice" founded in "the equity of the plaintiff's case." (See 1 Palmer, Restitution sec. 1.2, at 7 (1978); *Board of Highway Commissioners v. City of Bloomington* (1911), 253 Ill. 164, 173, 97 N.E. 280, 285.) As Palmer explains, the statement concerning the action of quasi-contract being equitable has been repeated many times, but merely refers to the way in which a claim should be approached "since it is clear that the action is at law and the relief given is a simple money judgment." (1 Palmer, Law of Restitution sec. 1.2, at 7 (1978).)

...

*Partipilo v. Hallman* (1987), 156 Ill.App.3d 806, 109 Ill.Dec. 387, 510 N.E.2d 8, 11.

Count II of this complaint was based in the common law claim of quasi-contract. Newman's Trustee was entitled to jury trial upon it. However, error in this regard is harmless.

■ Counts I and II are obviously alternative theories of recovery for a single wrong. Judgment and recovery upon one should preclude judgment and recovery upon the other. While our T.R. 8(A) permits alternative pleading, it does not condone more than one satisfaction for a single wrong. Here, either the trustee can recover on the account arising from a contract between Newman Advertising and these parties or he can recover in quasi-contract upon obligations arising by law between them. He cannot recover under both a contract claim and a quasi-contract claim for the same obligation.[7] Thus, at trial the court properly should have taken either Count I or Count II from the jury. Thus, its taking of Count II from the jury's consideration was correct, even if for the wrong reasons. Where the trial court reaches a correct result, but for the wrong reasons, we will affirm. *In the Matter of Garden & Turf Supply Corp.* (1982), Ind. App., 440 N.E.2d 710, 719, *trans. denied.*

Nehi chose to file a bankruptcy petition while this appeal was pending. Thus, it has made an election of remedies.

■ The doctrine of election of remedies applies where remedies are inconsistent. E.g. *Loving v. Ponderosa Systems, Inc.* (1985), Ind., 479 N.E.2d 531, 537. Here, Nehi has elected to pursue a federal bankruptcy instead of this appeal. That is, it has sought to discharge an amount determined to be owed rather than seeking a determination on appeal the amount is not owed in the first place. In this instance the pursuit of the federal bankruptcy is inconsistent with the pursuit of this appeal. By pursuing the bankruptcy Nehi repudiates the basis for an appeal. Cf. *International Shoe Co. v. Marcus, Inc.* (1966), Tex.Civ.App., 410 S.W.2d 235 (plaintiff elected an inconsistent remedy and its claim against an individual defendant was abandoned when it filed a bankruptcy claim against defendant's purported alter ego, a bankrupt corporation).

Nehi's appeal is ordered dismissed with prejudice. As to all other litigants, the trial court's judgment is affirmed.

CHEZEM, J., concurs.

HOFFMAN, J., concurs in result.

7. Count III states a separate and distinct claim.

## OPINION ON PETITION FOR REHEARING

Appellant Marvin Farber, by counsel, has filed a Petition for Rehearing in this appeal which we deny because all the matters it presents were fully discussed in our original opinion. Cross-Appellant Vernon J. Petri, as Trustee of the Joe Newman Advertising, Inc. Creditors' Trust (Trustee) also petitions for rehearing of his cross-appeal, claiming the trial court committed reversible error by refusing to submit both the contract and quasi-contract theories for the jury's consideration.

In support of his position Trustee argues he should not be required to elect at the close of the evidence which of these alternative theories should be considered by the jury. He claims both should have been submitted to the jury so it could determine under which one he was entitled to recover, citing *Model Clothing House v. Hirsch* (1908), 42 Ind.App. 270, 85 N.E. 719 in support of his position. He postulates he should not be required to "guess" which of these two theories would more likely be found meritorious by the jury because if he "guessed" incorrectly, he would lose on both counts.

In *Hirsch*, plaintiff's complaint alleged one count for breach of an express contract and one for *quantum meruit.* The appellee testified there was a definite contract, and appellee's attorney made the remark: "Yes, sir; we say there was"—meaning a definite contract. Appellant argued the trial court erred by not requiring appellee to elect upon which paragraph of the complaint he would depend for recovery at the close of the evidence. The *Hirsch* court said:

Whether there was a definite contract was purely a question of fact for the jury. It was entirely within the province of the jury to determine, from all the evidence, whether a right to recover had been established upon either paragraph. If there was no evidence to warrant a recovery upon the second paragraph, the jury could so find; but appellee was entitled to have the evidence submitted for consideration. There was no error in submitting the evidence, with proper instructions, to the jury.

*Hirsch*, 85 N.E. at 720. In this case, however, the trial court never required Trustee to make such an election. Thus, *Hirsch* is inapposite under the precise state of the record here presented. However, we dis-

cern Trustee's argument actually to be he was legally entitled to have both his express contract and quasi-contract theories submitted to a properly instructed jury so it could determine under which one Trustee should recover: the trial court's failure to do so constitutes reversible error requiring a new trial. We disagree.

The central question here is whether the trial court's error in failing to submit Trustee's quasi-contract claim to the jury constitutes reversible error warranting a new trial on that issue as to RC and Farber (as noted in our original opinion, Nehi's filing of a bankruptcy petition constituted an election of remedies and its appeal has been dismissed with prejudice), or whether such error is merely harmless. Having again reviewed the matter as to this question, we again determine the trial court's error in this regard was harmless and affirm the judgment below.

Our rules of trial and appellate procedure are quite specific as to when and for what reasons trial court error shall be deemed harmless or reversible on appeal. Indiana Rules of Procedure, Trial Rule 61 reads, in pertinent part

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order in anything done or omitted by the court ... is ground for ... setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment ... or *for reversal on appeal,* unless refusal to take such action appears to the court *inconsistent with substantial justice.* The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect *the substantial rights* of the parties. (Emphasis supplied).

and Appellate Rule 15(E) provides

> ... nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that *the merits of the cause have been fairly tried and determined in the court below.* (Emphasis supplied).

Thus, the central question is whether the trial court's error (a) affected the substantial rights of the complaining party, and (b) in spite of the error, were the merits of the cause fairly tried and determined below. Under both criteria, we believe the trial court's error must be adjudged harmless on appeal.

### A. *As to Farber.*

Simply stated, Trustee had his day in court as to Farber and was totally successful. Count I, Trustee's express contract claim, was submitted, the jury returned a verdict in favor of Trustee, and the trial court entered judgment against Farber "in the principal sum of $86,625.00 with prejudgment interest thereon in the sum of $23,677.50 for a total of $110,302.50 plus the costs of this action[.]" (R. 4:828). Thus, Trustee currently is entitled to recover all the money to which he is entitled under these facts because Count II, the quasi-contract theory, sought to recover for the identical goods and services rendered by Newman. Thus, even if the cause were returned for trial on the quasi-contract theory and judgment thereon was also recovered against Farber in favor of Trustee, "our Rules do not permit more than one satisfaction for a single wrong," as Trustee admits in his Petition for Rehearing. Since the judgment rendered on Count I includes all the relief to which Trustee is entitled from Farber, collection of that judgment would preclude collection of any judgment rendered in favor of Trustee in a jury trial on Count II. The first judgment when paid would constitute a setoff against the second, when and if rendered. *Buffalo v. Buffalo* (1982), Ind.App., 441 N.E.2d 711, 714; 17 Ind. Law Encyclopedia, *Judgment,* Sec. 520, West Publ. Co. (1959—1st reprint, 1974). Thus, remand for trial on Count II would be a useless exercise. The error is harmless as to Farber.

### B. *As to Royal Crown Cola Company.*

Finally, the question central to both Trustee's express and quasi-contract theories, i.e., whether RC was liable to pay for the goods and services rendered by Newman, was fully and fairly tried and determined by the jury in favor of RC under Count I of Trustee's sixth amended complaint. It determined no relationship existed between RC and Newman which rendered RC liable for payment of the goods and services rendered Nehi and Farber by Newman.

Because that issue was fairly tried and determined in the court below, it is now at rest. Without the existence of such a relationship, RC can have no legal obligation to pay for those goods and services, even under Trustee's quasi-contract theory. Thus also as to RC, the trial court's error was harmless.

Trustee's Petition for Rehearing is also denied.

CHEZEM, J., and HOFFMAN, J., concur.