James William PHIPPS, Appellant,

v.

FIRST UNITED SAVINGS BANK, Appellee.

No. 67A04–9107–CV–213.

Court of Appeals of Indiana, Fourth District.

Oct. 22, 1992.

J.D. Calbert, Greencastle, for appellant.

Robert A. Hutchens, Conour–Doehrman, Indianapolis, for appellee.

CONOVER, Judge.

Defendant–Appellant James William Phipps appeals the trial court's order imposing sanctions pursuant to IND.CODE 34–1–32–1 and Ind. Trial Rule 11. He also appeals the trial court's denial of his cross-petition which asked for sanctions against Plaintiff–Appellee First United Savings Bank (First Bank).

We dismiss.

Phipps presents two issues for our review:

    1. whether the trial court erred in awarding sanctions in the form of attorney fees against Phipps; and

    2. whether the trial court erred in denying Phipps' cross-motion for fees and costs.

On February 8, 1988, First Bank filed an action against Danny Vermillion and Caron J. York, his ex-wife, for nonpayment of notes. It later obtained a default judgment against York. For the proceedings supplemental hearing on the judgment, York appeared without an attorney. While waiting in the hall, she asked Phipps for legal advice. As York and Phipps were speaking, First Bank's attorney became involved in the conversation. The parties disagreed on an issue, and the argument turned into a serious altercation, resulting in name-calling and charges of unethical and illegal conduct. Afterwards, York retained Phipps to represent her, and the court granted York a continuance until December.

Phipps then filed a T.R. 60(B) motion on York's behalf. In the motion, Phipps ar-

gued even though York was liable on the notes, she had the right to have the judgment set aside and be absolved from any liability because First Bank's attorney perpetrated fraud on her and the court.

On December 21, 1989, the trial court set aside the judgment against York and ordered the claim against her to go to trial *de novo*. Phipps, however, moved to reinstate the default judgment against York arguing she had been denied a hearing on her T.R. 60(B) motion. The court set aside its entry and held a hearing on the merits of York's T.R. 60(B) motion.

Following a hearing, on May 23, 1990, the trial court entered judgment denying York's motion for T.R. 60(B) relief and reinstating the default judgment against York. The court held York had no defense and Phipps knew he did not have sufficient probable cause to support the motion for T.R. 60(B) relief.

First Bank then filed a petition to add attorney's fees and costs to the judgment pursuant to IC 34-1-32-1 and T.R. 11(A), alleging the T.R. 60(B) motion Phipps filed was frivolous, groundless, and unreasonable. Phipps filed a cross-petition for fees and costs, claiming First Bank's petition for sanctions itself was frivolous, groundless, and unreasonable. The court agreed with First Bank and found Phipps had pursued the actions primarily to personally harass First Bank's counsel. It ordered Phipps to pay First Bank's attorney's fees and costs in the sum of $4071.84 and denied Phipps' cross petition for attorney's fees and costs. Phipps appealed and filed the record of proceedings in this court on July 8, 1991.

Subsequently, First Bank petitioned our court for a stay of appeal pursuant to 11 U.S.C. § 362, § 523, and 28 U.S.C. § 157(b)(2)(I), § 1471. It stated that on September 21, 1991, Phipps filed a voluntary petition for bankruptcy in the United States Bankruptcy Court, Southern District of Indiana, seeking to discharge his debt to First Bank along with other debts. First

Bank contended if the judgment was discharged, Phipps' appeal would be moot. It also filed an adversary proceeding in the bankruptcy court to determine dischargeability of the judgment. First Bank claimed the debt was not dischargeable under 11 U.S.C. § 523(a)(6) which denies discharge of a debt for willful and malicious injury by the debtor to another entity.

On February 18, 1991, we granted a stay and ordered First Bank to file a report on the bankruptcy proceedings here when completed. On the same day, First Bank filed a motion to dismiss Phipps' appeal in our court.

Subsequently, First Bank filed its verified report of the final decision of the bankruptcy court. The report stated that on April 3, 1992, the federal bankruptcy court had handed down its decision, finding for First Bank and denying discharge of the debt. The bankruptcy court's judgment held Phipps deliberately interfered with First Bank's legal right in that he proceeded in state court in bad faith with a frivolous claim in an effort to harass First Bank's attorney. The court concluded by these actions, Phipps intentionally harmed First Bank without just cause.

On May 26, 1992, this court, upon motion, ordered the stay removed, accepted First Bank's report on the bankruptcy court's judgment, and preliminarily denied First Bank's motion to dismiss, allowing the appeal to proceed on the merits.

Phipps contends his action of filing York's T.R. 60(B) motion was not frivolous, groundless, or unreasonable. He asserts he had a rational argument from the facts presented to him as well as the law to support his filing of York's claim for T.R. 60(B) relief.

First Bank argues, as it did in its motion to dismiss, Phipps' appeal should be dismissed under the doctrine of election of remedies because Phipps attempted to discharge the judgment by filing for bankruptcy during the pendency of this appeal.[1]

---

1. Phipps argues because we earlier denied First Bank's motion to dismiss, we need not "re-hash" that issue. Brief of Appellant at 2. However, Phipps cites no authority for that remark. He is incorrect.

In Indiana, if a party has two co-existing but inconsistent remedies and elects to prosecute one to a conclusion, he may not thereafter sue on the other. The second suit is barred under the doctrine of election of remedies. *Farmers State Bank v. Clark Equipment* (1991), Ind.App., 582 N.E.2d 452, 454.

First Bank cites *Nehi Beverage Co., Inc. v. Petri* (1989), Ind.App., 537 N.E.2d 78, 86, *trans. denied* to support its argument. In *Nehi Beverage*, the appellant appealed from a judgment entered against it in an action to recover the value of goods and services received. During the pendency of the appeal, Nehi filed a bankruptcy petition. We held the remedies Nehi had chosen were inconsistent and dismissed its appeal under the doctrine of election of remedies. *Id.* at 86. We opined Nehi sought in bankruptcy to discharge an amount determined to be owed rather than seeking determination on appeal that the amount was not owed in the first place. Thus, we held Nehi had repudiated the basis of its appeal by pursuing the bankruptcy. *Id.*

Similarly in the instant case, Phipps has chosen inconsistent remedies. On July 8, 1991, Phipps exercised his right to appeal to this court from the alleged erroneous judgment against him. He then sought a discharge in bankruptcy of his debt to First Bank represented by the trial court's judgment. By pursuing his remedy in bankruptcy, Phipps has repudiated the basis of his appeal here. Therefore, Phipps' appeal of the trial court's grant of sanctions is dismissed with prejudice.

When First Bank filed its petition asking for sanctions against Phipps, he filed a cross-petition asking the trial court to impose sanctions on First Bank. Phipps contends the trial court erred in denying his cross-petition for fees and costs.

First Bank maintains Phipps lacks standing to pursue his appeal of the trial court's judgment denying his cross-petition under T.R. 17(A), which requires every action be prosecuted in the name of a real party in interest. It argues the cause of action became the property of the bankruptcy estate upon the filing of Phipps' bankruptcy petition.

Property of the estate includes causes of action held by the debtor against third parties as of case commencement, whether or not the cause of action is substantively valid. 11 U.S.C. § 541. Any claims or causes of action are passed to the trustee as property of the estate. Only the trustee, as representative of the estate, is entitled to prosecute the cause of action and the debtor's counsel should withdraw from the case. *See In re Cottrell* (6th Cir.1989), 876 F.2d 540; *1st Source Bank v. Rea* (1990), Ind.App., 559 N.E.2d 381, 389, *trans. denied.*

In the instant case, Phipps' cause of action on this cross-petition became part of the bankruptcy estate once he filed the petition in bankruptcy. Because he is not the real party in interest, we also dismiss his appeal on this issue.

Dismissed.

CHEZEM and BUCHANAN, JJ., concur.

---

Except for such jurisdictional questions as will require the court to act on its own motions, matters not going to the merits must usually be raised by motion to dismiss or affirm. Generally, only procedural or matters incidental to the appeal, such as late filing of the praecipe for record, failure to follow the appellate rules, etc., are involved. The denial of such a motion, however, is only preliminary. Such an order is merely collateral and procedurally incidental to the appeal's final disposition by written opinion.

*City of Fort Wayne v. Bd. of Trustees* (1971), Ind., 256 Ind. 340, 268 N.E.2d 735, 736, *reh. denied.* In other words, denial of a motion to dismiss does not operate as a final adjudication. The grounds raised therein may still be argued and again considered in the appeal on the merits of the case. *Naked City, Inc. v. State* (1982), Ind.App., 434 N.E.2d 576, 581 (Hoffman, J., dissenting). Thus, we address and finally decide this appeal based upon First Bank's original motion to dismiss.